PHILO W. STREET & wife *vs.* INHABITANTS OF HOLYOKE.

In an action against a town for injuries occasioned to a traveller in a street, by her falling on an icy ridge while crossing the sidewalk from the carriageway to a shop, the refusal of the judge to instruct the jury that on a well constructed sidewalk, ten or twelve feet wide, and having a sufficient width free from ice or hard snow for the safe passage of travellers along it, a ridge of ice or hard snow extending two and a half feet from the curbstone, from four to six inches high, and sloping both ways, is not a defect for which the town is liable, affords the defendants no ground of exception.

In an action against a town for injuries occasioned to a traveller by an icy ridge which was a defect in the highway, the fact that the accident would not have happened, except for a light snow which was falling at the time and concealed the defective place, is no defence.

o an action by husband and wife against a town to recover for injuries caused to the wife by a defect in the highway, the fact that the husband knew of the defect in season to have warned his wife of it before the accident is no defence.

TORT on the Gen. Sts. *c.* 44, § 22, for injuries sustained by the female plaintiff through an alleged defect in a highway.

At the trial in the superior court, before *Wilkinson*, J., the plaintiffs introduced evidence tending to show that the female plaintiff drove up, in a sleigh, in front of a shop which she had

occasion to visit, situated in Fuller's Block on High Street, one of the principal business streets in Holyoke; that in front of Fuller's Block was a brick sidewalk, ten or twelve feet wide; that a light snow was falling when she reached the shop, which covered the ground and sidewalk to the depth of half an inch, all of which had fallen the same morning; that she alighted from the sleigh upon what she supposed at the time to be the sidewalk, took a step or two toward the shop, slipped, fell and was injured; " that she then observed that the place where she had slipped was a ridge or mound of ice or hard snow, from four to six inches high in the highest part, extending from the outer edge of the sidewalk about two feet and a half towards the building, which had the appearance of having been shovelled or brushed from nearer the building, and left there, where it had hardened and was heaped and uneven; and that the light snow which had fallen the same day covered up and concealed this ice or hard snow, so that she did not discover it until she fell upon it, when her clothes brushed off the light snow and disclosed this icy ridge or mound."

It further appeared that the sidewalk was well and properly constructed, and had been well cleared of ice and snow with the exception of this ridge or mound, in regard to the existence of which there was conflicting evidence; that the husband had been at the same shop on the day previous to the accident, then observed the same ridge, and had to use some care in passing over it; and that he knew of his wife's intention to visit the shop on the day of the accident, but did not give her any caution about this ridge.

The defendants requested the judge to instruct the jury as follows : " 1. If the sidewalk was properly constructed, and there was no such accumulation of ice as to constitute an obstruction to·travel, the mere fact that it was slippery from ice or hard snow upon it is not a defect which will render the town liable. 2. The existence upon a sidewalk ten or twelve feet wide, properly constructed, of an icy elevation or ridge extending from the edge of the curbstone two and one half feet, from four to six inches high and sloping both ways, is not a defect for which the town is lia ble. 3. If the sidewalk was well constructed, and so far clear

from snow and ice that there was a sufficient width free from ice or hard snow for the safe and convenient passage of travellers along upon the sidewalk, then the town is not liable, although there may have been a ridge or mound of ice or hard snow extending two feet and a half from the curbstone, from four to six inches high in the highest part and with sloping sides, upon which the female plaintiff, in attempting to pass from the street across the sidewalk, slipped down and received an injury. 4. If the injury would not have happened except for the light snow, which fell the day of the accident, the town is not liable. 5. If the husband, knowing the existence of an icy spot at this point, and having had his attention drawn to it, and knowing also the intention of his wife to stop at a shop where she would naturally or necessarily have to pass over this icy spot, neglected to caution her to beware of it, the plaintiffs cannot recover."

The judge, among other instructions not excepted to, gave the first instruction requested; but declined to give the others. e jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*H. Morris*, for the defendants.

*G. M. Stearns*, (*W. B. C. Pearsons & M. P. Knowlton* with him,) for the plaintiffs.

Colt, J. In accordance with the defendants' request, the jury were told that the fact that the sidewalk was slippery from ice or snow upon it, if there was no such accumulation as to constitute an obstruction to travel, would not be a defect for which the town was liable. Other instructions were given which were not excepted to, and are not set forth, which must have stated in a general form the true rule and measure of this statute liability, and the jury must have found that the female plaintiff, while crossing with due care, on her way to the shop, that part of the highway appropriated to the sidewalk, was injured by a defect therein which was something more than merely slippery snow or ice. There is no good reason given for setting aside the verdict.

The duty of cities and towns to keep their streets and highways safe and convenient extends certainly to that part wrought for travel, both of the street and sidewalk, and protects alike the

Street *v.* Holyoke.

travellers who pass along it, and those who have occasion to pass across it in order to reach adjoining premises; not that all parts of all highways shall be kept in like repair, and alike smooth and free from obstruction, but that all parts of all highways shall be kept in such a condition as shall be deemed reasonably safe and convenient, having reference to the character of the way and the amount of travel over it. *Snow* v. *Adams*, 1 Cush. 443. *Raymond* v. *Lowell*, 6 Cush. 524, 530. *Kingsbury* v. *Dedham*, 13 Allen, 186. *Hutchins* v. *Boston*, 97 Mass. 272. *Billings* v. *Worcester*, 102 Mass. 329.

The court rightly refused the other instructions asked for. It would have been clearly erroneous to have defined, as matter of law, within what limits of extent and elevation an icy ridge accumulated upon a sidewalk could exist and not be a defect. *Luther* v. *Worcester*, 97 Mass. 268, 271. And the fact that a light snow was falling at the time, which concealed the defect and made it more dangerous, had legitimate bearing only upon the question of the plaintiff's care. The icy ridge was the defect complained of, not the falling snow, and although the injury would not have happened but for snow, yet the town is not thereby relieved of its responsibility. *Day* v. *Milford*, 3 Allen, 98.

The husband's previous knowledge of the defect would not defeat the wife's action. It would not prevent the husband himself from recovering if the jury were satisfied he exercised due care. *Whittaker* v. *West Boylston*, 97 Mass. 273. *Mahoney* v. *Metropolitan Railroad Co.* 104 Mass. 73  *Exceptions overruled.*