GEORGE W. JOHNSON and others *vs.* THADDEUS H. DAY.

Kennebec.    Opinion April 7, 1886.

*Evidence.   Exceptions.   Practice.*

Evidence of a declaration of a son of one of the parties, made in the presence and hearing of his father, who remained silent, was admitted against objections, and the jury were instructed that it was for them to determine what significance they would attach to it.   *Held*, no error.

In order to sustain an exception to a ruling excluding a conversation, the exceptions must disclose what the conversation was.

An error must affirmatively appear in order to sustain an exception; it can not be assumed.

ON exceptions and motion from superior court.

Trover.    Verdict was for twenty-three dollars and ninety-one cents.    The exceptions and motion for new trial were by the defendant.    The facts are sufficiently stated in the opinion.

*Bean and Beane*, for the plaintiffs, cited : 2 Benj. Sales, c. 1 ; Best, Ev. 895.

*A. M. Spear*, for the defendant, contended that the statement of defendant's son was not admissible in evidence.

Such testimony is admissible in two conditions.    (1) " When silence is of such a nature as to lead to the inference of assent," or " if a party is silent when he ought to speak."    (2) That the party upon whom a reply rests heard the statement to which a reply should be made.    2 Wart. Ev. § 1136.    Neither of the conditions were satisfied in this case.

Upon the question of the lien of the plaintiffs and the ownership of lost goods, counsel cited : Story, Bailments, 126, 129 ; 8 N. H. 325 ; 1 Cush. 536 ; 62 Maine, 275 ; 42 Maine, 50 ; 39 Maine, 285 ; 32 Maine, 211 ; 63 Maine, 116 ; 11 Cush. 231 ; 1 Chitty, (4th ed.) 191, note *u*; 2 Kent's Com. 536 ; 74 Maine, 452.

WALTON, J.    This is an action of trover for a quantity of old iron of the alleged value of twenty-three dollars and six cents. The iron was once a part of the toll bridge at Hallowell, which

was carried away by a freshet in the fall of 1869 or the winter of 1870. The iron had lain at the bottom of the Kennebec river for over fourteen years; and so far as appears, no one had during all that time made any effort to recover it, or to ascertain even where it lay. But in August, 1884, the plaintiffs, one of whom appears to have been a professional diver, by the aid of a diving suit and other apparatus, found the iron and removed it to the shore. The defendant then claimed it as his property, saying he had bought it of the bridge company some fourteen years before; and he afterwards took the iron and hauled it away and converted it to his own use. The plaintiffs claimed that the iron had for a long time been totally abandoned, and had become derelict, so that any one who should search for it and find it and take possession of it, would become its owner; and that they had in this way become the owners of it themselves. The issue was tried by the jury, and they found in favor of the plaintiffs.

During the trial, the plaintiffs offered evidence that at one time when the defendant was claiming that he had bought the iron of the bridge company, one of his sons spoke up and said, " Father, you never bought any such stuff as that. You only bought what was afloat. You didn't buy anything on the bottom." That the defendant turned round, but said nothing. To the admission of this evidence the defendant excepted. We think the evidence was admissible. True, it does not appear that the defendant made any reply, but silence may sometimes be regarded as an admission. Whether it should be so regarded in this case was a question for the jury. We think that under the circumstances presented by this case, the judge acted correctly in admitting the evidence, and that the jury were properly instructed that it was for them to determine what significance they would attach to it. While the defendant was upon the stand as a witness in his own behalf, his counsel asked him to state a conversation he had with one Eugene Lewis. The question was objected to and the answer excluded. To this exclusion the defendant excepted. We are unable to say whether the answer

was rightly excluded or not. The exceptions do not show what the proposed conversation related to. Counsel stated that it was offered on the question of abandonment; but he did not state, so far as appears by the exceptions, what the conversation was which he proposed to prove, and we cannot know therefore that it would have had any probative force upon that question. Error must affirmatively appear; it cannot be assumed. The exceptions therefore must be overruled.

We have carefully examined the evidence, and we think it justified the jury in returning a verdict for the plaintiffs.

*Motion and exceptions overruled, judgment on the verdict.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.