98   69
100  576
98   69
101  478

98   69
105  240

98   69
106  304

## CHARLOTTE A. NEAL *vs.* DANIEL H. RENDALL.

## Androscoggin.  Opinion August 18, 1903.

*Way,* Law of the road, Travelers to seasonably turn to the right.  *Negligence and Causation,* Questions of fact.  *Collision on Highway.  Imputable Negligence,* Facts insufficient for decision.  *R. S., c. 19, § 2.*

When no person is passing, or about to pass in an opposite direction, one may travel upon any part of the traveled road which suits his pleasure or convenience, but when teams are approaching to meet, the law requires them to seasonably turn to the right of the middle of the traveled part of the road, so far that they can pass each other without interference.

"Seasonably turn" means that travelers shall turn to the right in such season that neither shall be retarded in his progress by reason of the other occupying his half of the way, which the law has assigned to his use when he may have occasion to use it in passing.

Failure to comply with this requirement is not negligence per se.  Negligence and causal connection are ordinarily questions of fact.

Upon the question of causation an important consideration is whether the injury suffered was one which it was the purpose of the law to prevent when it imposed upon the defendant the duty which he is charged with having violated.

In this case the defendant was on the wrong side of the road, in violation of a law enacted for the safety and convenience of travelers and to prevent collisions.  A collision occurred and the plaintiff, a traveler, was injured. The evidence tends to show that the defendant saw the plaintiff approaching, that there was ample time for him to turn to the right of the middle of the traveled part of·the road, that there was nothing to prevent his so doing, and that had he done so there would have been no collision and no injury.

*Held;* that under these circumstances it should be submitted to a jury to say whether the defendant was in fact negligent, and if so, whether such negligence was the proximate cause of the plaintiff's injury.

Imputable negligence is based upon agency.  The court declines to express an opinion on this question, the facts reported being insufficient.

On report.   Remanded to nisi prius for trial.

Case for personal injuries.

The terms of the report, amounting practically to an agreed statement of facts, were as follows:

This was an action on the case for negligence. The case was opened to a jury. The testimony showed that the plaintiff, sixty-eight years of age, was riding in a carriage with her husband. The husband, who was seventy-two years of age, was driving. At the time of the collision which resulted in the injuries complained of, they were traveling south on Turner Street in Auburn, at a reasonable rate of speed, and on the right of the middle of the traveled part of the road, as they traveled. The traveled part of Turner Street at that point was from 46 to 50° feet in width.

The defendant, in a proper team, was traveling north on the same street, at a walk. But he was on the left of the traveled part of the road, as he traveled.

Both teams were thus on the west of the middle of the traveled part of the way, and the team of the defendant was nearer the middle.

The testimony tended to show that there was apparently sufficient room on the west of the middle of the traveled part of the way so that the teams could have passed without interference, had they both continued as they were traveling just before the collision described in plaintiff's writ; but that just as the teams were about to meet and pass each other, the horse attached to the wagon in which the plaintiff was riding, became suddenly frightened, and while still going forward, shied towards the center of the traveled part of the road and towards defendant's team. The front left wheel of the plaintiff's carriage passed the front wheel of the defendant's team without touching it, but did come into collision with the hind wheel of the defendant's vehicle, whereby the plaintiff was thrown from her carriage and suffered the injuries for which she claims damages in this suit.

The testimony tended to show that the two teams would have passed each other safely and without collision had it not been for the horse's fright and shying, also that there would have been no collision had the defendant's team been on the right of middle of the traveled part of the road.

The testimony further tended to show that the defendant had opportunity, after the plaintiff's team came into his sight, to turn to the right of the middle of the traveled part of the road, and there was nothing to prevent his doing so; but there was no other evidence of any negligence on the part of the defendant except the mere fact of the position of his team on the left of the middle of the traveled part of the road.

The plaintiff put in evidence the following ordinance of the City of Auburn:

"The owner, driver, or person in charge of any heavily loaded vehicle, or any other team, while passing through any public street at a speed not greater than a walk, shall drive such vehicle, or other team as near as possible to the curbing on the right hand of the street so as to allow the free passage of other teams and vehicles passing along said street at a greater rate of speed." Ordinances of the City of Auburn, chapter 43, § 21.

There was also evidence in the case from which the defendant might properly claim and argue that the negligence of the plaintiff's husband in driving contributed to the collision and injury. The plaintiff, on the other hand, denies that there was any such negligence.

At the conclusion of the plaintiff's testimony, the parties agreed that the case should be reported to the law court upon the foregoing statement of facts, which it was agreed is a correct resume of the testimony introduced by the plaintiff. If the law court were of opinion that the case discloses any evidence of negligence on the part of the defendant requiring the submission of the case to the jury, the court shall order the action to stand for trial; otherwise the plaintiff is to become nonsuit.

And if the action is ordered to stand for trial, the law court was asked to say whether, as matter of law, any proven negligence of the plaintiff's husband as driver which contributed to the injury of the wife, is imputable to her, as this question will be an important and material one in the trial of the case.

*W. H. Judkins and B. L. Pettigrew,* for plaintiff.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Action on the case for negligence. As the plaintiff was traveling south on Turner Street, Auburn, in a carriage driven by her husband, at a reasonable rate of speed, and on the right of the middle of the traveled part of the road, they met the defendant, who, in a proper team, was traveling north on the same street at a walk. The traveled part of the street at this point was from 46 to 50 feet in width. Both teams were on the west of the middle part of the traveled way, and the team of the defendant was nearer the middle. Just as the teams were about to meet and pass each other, the horse attached to the wagon in which the plaintiff was riding became suddenly frightened, and while still going forward shied toward the center of the traveled part of the road, and toward the defendant's team. The front wheel of the plaintiff's carriage collided with the hind wheel of the defendant's, and the plaintiff was thrown out, and suffered the injuries for which this suit is brought.

The evidence tended to show that the defendant had opportunity, after the plaintiff's team came in sight, to turn to the right of the middle of the traveled part of the road; that there was nothing to prevent his doing so; and that there was apparently sufficient room west of the middle of the traveled part of the way so that the teams could have passed without interference, had they both continued as they were traveling just before the collision. The evidence further tended to show that the two teams would have passed each other safely, and without collision, had it not been for the horse's fright and shying; also that there would have been no collision had the defendant's team been on the right of the middle of the traveled part of the way. There was no evidence of any negligence on the part of the defendant other than the position of his team on the left of the middle of the traveled part of the road. The court is to determine whether this is sufficient to require the submission of the case to a jury.

"When persons traveling with a team are approaching to meet on a way, they shall seasonably turn to the right of the middle of the

traveled part of it, so far that they can pass each other without interference." R. S., c. 19, § 2. This is a salutary statute, enacted for the safety and convenience of all travelers. When no person is passing, or about to pass in an opposite direction, one may travel upon any part of the traveled road which suits his pleasure or convenience, but when teams are approaching to meet, the law requires them seasonably to turn to the right of the middle of the traveled part of the road. "Seasonably turn" means "that travelers shall turn to the right in such season that neither shall be retarded in his progress, by reason of the other occupying his half of the way, which the law has assigned to his use, when he may have occasion to use it in passing. In short, each has an undoubted right to one-half of the way whenever he wishes to pass on it, and it is the duty of each, without delay, to yield such half to the other." *Brooks* v. *Hart*, 14 N. H. 310. This is a regulation to avoid collisions, and if one neglects it, and an accident follow, an explanation of the occurrence must begin with some presumption against him. Cooley on Torts, p. 666. This court has held the fact that a party was at the left of the road at the time of the collision "strong evidence of carelessness," and has said that, unexplained and uncontrolled, it would not only be strong but conclusive evidence of carelessness. *Larrabee* v. *Sewall*, 66 Maine, 381. It is competent evidence of negligence to be submitted to a jury. *Smith* v. *Gardner*, 11 Gray, 418; *Damon* v. *Scituate*, 119 Mass. 66, 20 Am. Rep. 315; *Randolph* v. *O'Riordon*, 155 Mass. 331.

It is not conclusive. The law of the road is not an inflexible criterion by which to determine the question of negligence. There may be cases in the crowded streets of cities, or even upon our country roads, where a deviation from it would be both justifiable and necessary in order to avoid accident and injury. Notwithstanding the statutory duty to turn to the right of the middle of the traveled way the defendant had the right to be upon any part of the road, and his negligence must arise out of his failure to exercise ordinary care under all the circumstances. There was ample room for the plaintiff and her husband to pass on the defendant's left, and they would have passed in safety had they kept upon the same course. On the other

hand, the defendant was on the wrong side of the road, he saw the plaintiff approaching in ample time to turn to the right of the middle of the traveled road. There was nothing to prevent his doing so, and the evidence tended to show that had he done so there would have been no collision. It is said that the defendant could not anticipate the sudden shying of the horse, and the collision which followed. That is for the jury to determine upon the question of ordinary care. Everyone is presumed to know that all animals are controlled more or less strongly by various appetites, impulses, instincts, feelings and emotions, each of which, if worked upon in a certain manner, will be likely to induce a certain kind of conduct. Note to *Gilson* v. *Delaware and Hudson Canal Co.*, 65 Vt. 213, 36 Am. St. Rep. 812. Even safe and well broken horses do sometimes shy as the result of sudden fright. The thing which happened, the collision, was the very thing which the statute was designed to prevent, and we think that the evidence of negligence was sufficient to warrant its submission to a jury.

In order to require the submission of the case to a jury it must further appear that the defendant's negligence was the proximate cause of the injury sustained. In the first place it is to be observed that the question of causal connection is ordinarily for the jury. *Lake* v. *Milliken*, 62 Maine, 240, 16 Am. Rep. 456; *Hayes* v. *Michigan Cent. R. R. Co.*, 111 U. S. 228. It is claimed that the fright and uncontrollable conduct of the horse was the proximate cause of the injury. It has been repeatedly held however in this State, in cases against towns for failure to keep their ways in repair, that, while the uncontrollable conduct of a frightened horse, which his driver cannot stop or control, may be the proximate cause of the injury, a horse is not to be considered uncontrollable that merely shies, or starts, or is momentarily not controlled by the driver. In the latter event the horse's conduct is the remote and not the proximate cause of the accident. The principles upon which this conclusion rests have been fully set forth in recent cases in this State, and it would be unprofitable to discuss them further. *Spaulding* v. *Winslow*, 74 Maine, 528; *Aldrich* v. *Gorham*, 77 Maine, 287; *Cleveland* v. *Bangor*, 87 Maine, 259, 47 Am. St. Rep. 326; *Morsman* v. *Rock-*

*land,* 91 Maine, 264. The evidence in the present case tends to show that the loss of control of the horse by the plaintiff's husband was but momentary. According to the agreed statement of fact, "Just as the teams were about to meet and pass each other, the horse attached to the wagon in which the plaintiff was riding became suddenly frightened, and while still going forward, shied toward the center of the traveled part of the road and towards the defendant's team." The collision and the injury must have followed instantly. Whether the loss of control was momentary is a question of fact for the jury, and has an important bearing upon the question of causation.

It is difficult to distinguish the facts of this case from those in the cases just cited. In *Cleveland* v. *Bangor* the alleged defect was one of the poles of the street railway located just within the limits of the wrought part of the street. The plaintiff's horse became suddenly frightened at an electric car, shied, sprang forward, and brought the carriage in contact with the pole, throwing the plaintiff out, and causing the injuries complained of. The jury found that the defect was the sole cause, and that the fright of the horse was not one of the proximate causes of the accident, and the court refused to disturb the verdict. The liability of a town is statutory and limited, and the defect must be the sole proximate cause of the accident or injury. In an action of negligence, however, where the injury is the result of two concurring causes, the defendant's negligence may be regarded as the proximate cause of an injury of which it is not the sole and immediate cause. *Lake* v. *Milliken,* supra. If the defendant's negligent, inconsiderate, and wrongful, though not malicious act, concurred with any other thing, person or event, other than the plaintiff's own fault, to produce the injury, so that it clearly appears that but for such negligent act the injury would not have happened, and both circumstances are clearly connected with the injury in the order of events, the defendant is responsible, even though his negligent, wrongful act may not have been the nearest cause in the chain of events or the order of time. *Ricker* v. *Freeman,* 50 N. H. 420, 9 Am. Rep. 267. Sherman & Redfield on Neg. § 10.

There must be a necessary connection between the defendant's act

and the plaintiff's injury. It is not necessary that the negligent act should be the efficient cause, causa causans; it is sufficient if it is a cause, which, if it had not existed, the injury would not have taken place. *Hayes* v. *Michigan Central R. R. Co.*, 111 U. S. 228. In that case judgment was reversed and a new trial ordered because the question was not submitted to the jury. In the present case it is agreed that "the evidence tended to show that there would have been no collision had the defendant's team been on the right of the middle of the traveled part of the road." Upon the question of causation another important consideration is, whether the injury suffered was one which it was the purpose of the law to prevent when it imposed upon the defendant the. duty which he is charged with having violated. · See note to *Gilson* v. *Delaware and Hudson Canal Co.*, supra.

Negligence is not the proximate cause of an accident, unless, under all the circumstances, it might have been foreseen by a man of ordinary intelligence and prudence. The accident must be the natural and probable consequence of the negligence. *Wood* v. *Penn. R. R. Co.*, 177 Pa. St. 306, 55 Am. St. Rep. 728, 35 L. R. A. 199. To hold the defendant, however, it is not necessary that he should be able in the exercise of ordinary prudence to foresee the precise form in which the injury in fact resulted. *Hill* v. *Winsor*, 118 Mass. 251. "The injury must be the direct result of the misconduct charged, but it is not to be considered too remote if, according to the usual experience of mankind, the result ought to have been reasonably apprehended. The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise." Colt, J., in *Lane* v. *Atlantic Works*, 111 Mass. 136. In that case the negligence charged consisted in the defendant leaving a truck, with a bar of iron unfastened upon it, standing in one of the streets of Boston for twenty minutes, in violation of a city ordinance enacted for the purpose of rendering the streets more safe and convenient for travelers. A boy

by moving the tongue of the truck, or by the application of force directly to the bar of iron, rolled it upon the plaintiff. It was held that the violation of the city ordinance was competent evidence of negligence; that whether the act charged was negligent, and whether the injury suffered was within the relation of cause and effect, legally attributable to it, were questions for the jury, and a verdict for the plaintiff was allowed to stand.

In the case before us the defendant was on the wrong side of the road. He was there in violation of a law enacted for the safety and convenience of travelers, and to prevent collisions between them. A collision occurred, and the plaintiff, a traveler, was injured. The evidence tends to show that but for the wrongful act of the defendant there would have been no collision, and no injury. The court cannot say that such a consequence could not reasonably be anticipated. The questions of negligence and causal connection should be submitted to a jury to determine, under all the circumstances of the case. *Hayes* v. *Michigan Central R. R. Co.*, supra.

The court is asked to determine whether any proven negligence of the plaintiff's husband as driver, which contributed to the injury of the wife, is imputable to her. It is not to be imputed from the fact alone of the relation of husband and wife. It depends upon the circumstances, the extent to which she controlled, co-operated with, and directed her husband in the management of the team. The doctrine of imputable negligence is based upon agency. The only fact before us is that she was sixty-eight and he was seventy-two years of age. We think this too slight a basis of fact upon which to decide a question which at the trial must depend upon so many other attendant circumstances, and that any opinion in advance, based upon so narrow a foundation of fact, would be more likely to prejudice than assist in settling the rights of the parties.

In short, we do not hold that it is negligence per se for a traveler with a team not to seasonably turn to the right of the middle of the traveled part of the way when another team is approaching, so far that they can pass each other without interference. We do hold, however, that it is evidence of negligence, and that, under the circumstances of this case, it should be submitted to a jury, to deter-

mine whether the defendant was in fact negligent, and if so, whether such negligence was the proximate cause of the injury sustained.

*Case to stand for trial.*