AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

*vs.*

LOUIS E. WITHAM

and

LOUIS E. WITHAM *vs.* ROBERT P. HAZZARD.

Kennebec. Opinion February 16, 1925.

*Under the law of the road in cases of collisions, if a party is on his left side of the road at the time of the collision, it is strong evidence of carelessness, and, unexplained and uncontrolled, conclusive evidence of carelessness.*

In these cases the jury found for the defendant in the first case; and awarded damages not claimed to be excessive to the plaintiff in the second case. Neither verdict is so clearly wrong as to justify the court in setting it aside.

On motions. These two cases arose out of a collision between the automobile of Louis E. Witham, defendant in the first action, and an automobile owned by Robert P. Hazzard, the defendant in the second action, the Hazzard car being driven at the time by the chauffeur of its owner.

The first action was brought under a right of subrogation, the plaintiff having paid to Mr. Hazzard the damages to his car under the provisions of its insurance policy issued to him. In each case negligence and carelessness were alleged. The cases were tried together and the jury returned a verdict for the defendant in the first action, and for the plaintiff in the second action, in the sum of $524.33. A general motion for a new trial was filed by the plaintiff in the first case, and a like motion filed by the defendant in the second case. Motion in each case overruled.

The case is sufficiently stated in the opinion.

*Andrews, Nelson & Gardiner,* for the plaintiff in the first action and for the defendant in the second action.

*Pattangall, Locke & Perkins,* for the defendant in the first action and for the plaintiff in the second action.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

BARNES, J.    Two automobiles collide, one owned and operated by Louis E. Witham, the other owned by Robert P. Hazzard, and driven by an employee of the owner, in furtherance of his master's business.

Two suits follow.    In the first, action to recover damages wrought by the collision upon the Hazzard car, is brought by a Company subrogated to the rights of Robert P. Hazzard; in the second, Mr. Witham sues Mr. Hazzard to recover the damages to the Witham car sustained in the same collision.    Each is an action of negligence.

Tried upon the same evidence in the court below, the two cases are here considered together.

They involve questions of law and of fact.    Of law, because the law of the road still obtains, as expressed in our statutes, and it is pertinent to suggest that, if obeyed by chauffeurs and drivers, our law of the road would render impossible such collisions as the evidence shows this may have been.

It is as follows:    "When persons travelling with a team are approaching to meet on a way, they shall seasonably turn to the right of the middle of the travelled part of it, so far that they can pass each other without interference."

The word "team" has been broadened in meaning so as to include automobiles.    *Bragdon* v. *Kellogg*, 118 Maine, 42.

"They shall seasonably turn," etc., means that *each* of the drivers of two passenger automobiles, when approaching to meet on a public road, shall turn to the right, with such promptness, in due season, in such season that neither shall be retarded in his progress by reason of the other occupying any part of such road except the half to that other's right.

That a party was at his left of the road at the time of the collision is strong evidence of carelessness is held to be law by this court, which has said further that, unexplained and uncontrolled, such position would be not only strong but conclusive evidence of carelessness. *Neal* v. *Rendall*, 98 Maine, 69.

In these suits both plaintiffs insist that their cars were each well to its driver's right of the middle of the travelled part of a commodious and well-wrought public road.    Each insists that the other's

car was, at the time of collision, occupying the half of the highway forbidden by law to a traveller meeting another. One contestant is clearly wrong. A jury, than which our system of trial procedure furnishes no more satisfactory arbiters of questions of fact, found for the defendant in the first, and for the plaintiff in the second suit.

The cases come to this court upon motion, and were argued only upon the evidence.

A painstaking reading of the transcript of the evidence reveals only conflict. It is impossible to reconcile the testimony as to material facts, except that the collision occurred under the light of a June sun, and upon a wide and unobstructed way.

The jury had the benefit to be derived from illustrations upon a plan, constructed in part during the delivery of the testimony, but withheld from this court by the regrettable fact that, in the hurry of the trial, counsel failed to have each question, asked with reference to the plan, and its answer, luminous to the reader.

Confronted by irreconcilable conflict in the testimony, the duty of this court is plain.

"The credibility of witnesses and the weight to be given to their testimony is peculiarly within the province of the jury; and although if we were sitting as jurors, we might reach a different conclusion from that of the jury, yet we should not set their finding aside unless manifest error is shown, or it appears that the verdict was the result of bias or prejudice." *Hatch* v. *Dutch*, 113 Maine, 405.

Which side, in either case, stated the facts we cannot say. The jury found for the defendant in the former; and awarded damages, not now claimed to be excessive, to the plaintiff in the latter case.

We cannot conclude that either verdict is so clearly wrong as to require the court to set it aside.

*Motion in each case overruled.*