MAGLOIRE MORIN *vs.* GEORGE CARNEY.

STELLA B. CARNEY *vs.* MAXIME MORIN.

GEORGE W. CARNEY *vs.* MAXIME MORIN.

Aroostook.        Opinion, March 10, 1933.

*J. Frederic Burns*, for Magloire Morin.

*A. S. Crawford, Jr.*, for Carneys.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   These three actions were tried together. The accident from which they arise occurred when two automobiles, destined oppositely, collided on the highway between Masardis and Ashland, at a point known as Doak Pitch. The day, December 4, 1930, was clear; the hour was quarter after three in the afternoon. Magloire Morin — plaintiff in the first of the above-entitled cases, and defendant (under the name of Maxime Morin) in the other two — was driving his Ford automobile toward Ashland, that is, northerly on the practically north and south road. Another man was riding with him. In the other suits, the respective plaintiffs, George W. Carney and Stella B. Carney, are husband and wife. Mr. Carney owned the Chevrolet automobile in which they were riding; it was progressing southerly. An adult son, Henry Carney, was driving, Mr. Carney was seated next his son, and Mrs. Carney was on the rear seat, another guest passenger sitting beside her.

Mr. Morin sues Mr. George Carney for personal injuries and property damage. On the trial, an exception to the exclusion of a conversation was noted and allowed. A witness, being examined in rebuttal, was asked to state what Henry Carney (who witnessed for his father) had told him. Objection was interposed. The judge said, in gist, that if the answer would go to contradiction of Henry

Carney's testimony, the evidence would be admissible; otherwise not. Counsel stated "it certainly has some bearing on what Mr. Carney said in direct examination; it has to do with the rate of speed of the car." Counsel did not, however, so far as the bill of exceptions discloses, indicate what he expected to prove. Whether the answer would have had any probative force cannot, therefore, be known. *Johnson* v. *Day*, 78 Me., 224, 3 A., 647. The exception must be overruled.

Mr. Morin alleges, as actionable negligence, the operation of his adversary's car at an illegal, unreasonable, and excessive speed; the negligent loss of control of the vehicle; and proximately resultant injury and damage. The jury returned a general verdict for the defendant. It decided, in effect, that the burden resting upon the plaintiff to prove negligence was not sustained. Mr. Morin filed a general motion for a new trial. Discussion of this motion, and of the motions filed by him as party defendant in the cases by Mr. and Mrs. Carney, respectively, will be had together.

Of the persons in the Carney car, apparently only Mrs. Carney was seriously injured. The jury awarded her damages, for personal injuries, in the sum of five thousand dollars. Her husband, for reimbursement of expenses incurred because of her injury, to compensate him for the loss of her services and companionship, and for property damage, recovered a verdict for fifteen hundred dollars.

The same exception as in the first case, except that here the defense is the excepter, was taken in each of these cases. Error not affirmatively appearing in either bill, the exceptions are overruled. *Johnson* v. *Day*, supra.

The stating of certain further facts seems essential to consideration of the cases on the merits.

The road, one of graveled surface, in open country, was twenty feet wide. There was evidence that it was frozen, and, on the east side, rough and rutted, due to the operation of trucks. Though this condition may have retarded travel, the road was not impassable. In some places the snow was two inches deep; in others it had blown off, exposing a partial coating of ice. The opposite, or west side of the road, was relatively smooth. Mr. Morin was, and for some distance had been, driving on this side of the high-

way, which, until the car that proved to be Mr. Carney's approached, was otherwise unobstructed.

The allegations of negligence against Mr. Morin are, in brief, that despite the fact that the Carney car was, of legal right, in continuous forward movement on the west side of the road, he (Morin) did not seasonably turn to the right of the middle of the traveled part, that the cars might pass without interference. R. S., Chap. 29, Sec. 2. The statute provides, in its application to present day traffic, what course shall be pursued by a motor vehicle when approaching to meet another; it defines what each driver shall himself do, and may expect of others; these being among the purposes of the law of the road.

Where, in a civil action, on the issue of negligence, a defendant is shown to have violated a valid statutory regulation, enacted in behalf of and to protect a plaintiff as one of the public, such is evidence from which, if uncontrolled by direct proof or circumstances, the jury may find a defendant negligent.

Mr. and Mrs. Carney claim that because of Mr. Morin's failure to exercise ordinary care and bring his car from west of the median line to east of that line of the road, soon enough and far enough, he fell short of the performance of that duty which he owed to them as travelers on the same public way.

The claims lack sufficient substantiation. The testimony relied upon may not be said to justify the jury findings.

When the cars came within seeing distance, Mr. Carney's was at the crest of the pitch. It was on the west, or, in common expression, "its own" side of the road. Mr. Morin's car, on the same side, was ascending the pitch. The grade, in the phrase of the surveyor, was three per cent.

The place of accident is of importance.

Mrs. Carney, in her testimony, conveys little information. She says the car (which she first saw about one hundred feet away) continuing directly toward them, she became greatly alarmed, and thinks she closed her eyes. She might have lost consciousness, as she has no memory of the collision.

The husband testifies that when, from the hilltop, the on-coming car was seen, the brakes were applied to his car, causing it to swerve and skid, and to turn toward the center of the road; and

that, after going fifty or sixty feet, it there struck the Morin vehicle.

The minimum estimate of the speed of the Carney car is in the testimony of its driver, who witnesses that the rate was thirty miles an hour. A witness in the Morin car says forty to forty-five miles an hour.

Mr. Carney and his son are in substantial agreement that the Morin car was not started to the east side of the road until it was about fifteen feet away. Mrs. Snow, the other passenger with the Carneys, was not called to the stand.

Mr. Morin testifies that when he saw the Carney car on top of the hill, his own car was (on the surveyor's measurements) one hundred and sixty-eight feet to the southward. On his version, which finds corroboration in the testimony of his companion, he at once turned his car for the east side of the road; the other car veered from the westerly side and came "right at" them, where-upon he (Morin) "stepped on the gas." The right-hand front wheel of his car, it is in evidence, was beyond the ditch on the east side of the road when struck by the Carney car. The impact, to continue recital from the evidence, was just back of the left front wheel. When stopped, the Morin car was completely off the high-way, and twelve feet within a former schoolhouse yard. From a point in the road opposite where the car is testified to have been, to the crest of the hill — as the plan measures — is one hundred and sixteen feet.

This tends to negative contention that the accident happened on Mr. Morin's "wrong side" of the road. Strong if not conclusive circumstances are that the wheel tracks indicate the accident to have been where Mr. Morin places it, and that broken glass from his automobile fell without the highway and within the old school yard.

Counsel for the Carneys, seeing the force of this mute evidence, does not attempt to explain it, but stresses that there was con-flicting testimony in regard to a disputed question of fact.

A jury is the arbiter of facts; it determines credibility of wit-nesses, and renders its verdict. Juries, like other earthly tribunals, have always exhibited a full share of human frailty; sympathy, rather than an impartial weighing of the evidence with reference

to the burden of proof, sometimes sways judgment. If, on review, the jury is found to have returned a verdict against the evidence or the weight thereof, the court should set the verdict aside and grant a new trial. The right to do this is a historic incident of trial by jury.

In the cases against Mr. Morin, the fact that an accident occurred is, in itself, no evidence of his negligence. The wheel tracks and the glass are too clear and certain to admit of dispute. Taken in aspect most favorable to the plaintiffs, a reasonable preponderance of all the evidence does not sustain the verdicts returned for them.

The mere skidding of a motor vehicle is not evidence of negligence. *King* v. *Wolf Grocery Co.*, 126 Me., 202, 137 A., 62. In the absence of anything to show the conditions which existed at the time, or of the manner in which the Carney car was being operated, the fact of its skidding would not alone tend to prove the driver negligent. *King* v. *Wolf Grocery Co.*, supra.

But that is not the case of *Morin* v. *Carney*. A fair preponderance of facts and circumstances, as adduced by the plaintiff, who had the burden of proof, establishes that when the cars collided, the Carney car was not on its side of the road. This is presumptive evidence of the violation of a legal duty, the weight, influence or force of which is not counteracted by the proof on the other side. *Coombs* v. *Mackley*, 127 Me., 335, 143 A., 261.

This Court is avoiding the three verdicts. It is not, in the view of the Court, that the jury might have, in any of the cases, found otherwise; but that, in each instance, the finding of the jury was manifestly unwarranted. *Lemieux* v. *Heath*, 116 Me., 55, 100 A., 1.

In each case, the motion is sustained, and a new trial granted.

> *Motions sustained.*
> *Verdicts set aside.*
> *New trials granted.*