## GILLY v. HARRIS. *
### No. 14594.

Court of Appeal of Louisiana. Orleans.
Jan. 15, 1934.

Cobb & Jones, of New Orleans, for appellant.

Puneky & Barrios, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, a passenger in a Ford automobile, was injured as the result of a collision between the Ford and a parked motor-driven moving van, which occurred in Gentilly avenue in the city of New Orleans at about 10:30 p. m., on November 19, 1931. She brought this suit against the owner of the van, claiming $275 as damages for physical injuries, and was awarded $50. Plaintiff, being dissatisfied with the award, appealed to this court, and the defendant has answered the appeal asking that the decision in plaintiff's favor be reversed.

Gentilly avenue is a public highway, being a part of route No. 2 as established by section 1 of Act No. 294 of 1928. Rule 15 (a) of Act No. 21 of 1932 provides that, when any vehicle is left standing on the public highway, "whether attended or unattended, * * * it * * * shall display appropriate signal lights thereon, sufficient to warn

*Rehearing denied February 12, 1934.

approaching traffic of its presence thereat." In subsection (c) of rule 15 it is declared that the provisions of this rule "shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position; provided, it shall be the duty of the owner or driver of any such vehicle to remove the same as soon as possible and until removed to protect traffic from same at his responsibility."

■ The defense in this case is based upon the last-quoted provision of subsection (c) of rule 15, averring that the driver of the moving van was compelled to stop his vehicle because of engine trouble, and that therefore the provision as to the signal lights, the alleged absence of which is made the basis of the charge of negligence in plaintiff's petition, do not apply. With this contention we cannot agree, for the act plainly makes it the duty of the driver of a disabled vehicle "to protect traffic from same at his responsibility." Moreover, there is no pretense here that the disability which was said to relate to some difficulty in the engine, or the motor, had anything whatever to do with the maintenance of a tail light. The defendant contends that there was a tail light on the van, but the evidence is overwhelmingly to the contrary, and we are forced to conclude that the truck was negligently parked in violation of the state statute.

■ The further contention is made by defendant that the driver of the Ford automobile was guilty of negligence which contributed to the accident in that he was unable, or failed, to stop his car within the distance illumined by his headlights. The van being a very large one, it is said that the Ford driver should have kept his car under control so as to be able to stop it in time to avoid striking it. Huddy on Automobiles, pp. 360, 307; Parlongue v. Leon, 6 La. App. 19. It is also said that the darkness of the night and the rain, which was falling at the time, should have induced the driver of the Ford to exercise greater care than would be required under ordinary circumstances. Pepper v. Walsworth, 6 La. App. 611; Raziano v. Trauth, 15 La. App. 650, 131 So. 212. The question of the negligence of the driver of the Ford car, however, is not pertinent here, because the plaintiff was a guest in the car, and the suit is not against the owner or driver of the Ford car, but is against the owner of the parked moving van.

■ The suggestion that the plaintiff was guilty of contributory negligence in riding with the Ford driver under the weather conditions prevailing is untenable. There is no showing of reckless driving on the part of the Ford driver, nor of the existence of any emergency which could have been foreseen by Mrs. Gilly, the plaintiff, in time to warn the driver of the danger. The sole question in the case is whether the driver of the parked van was guilty of negligence, and this question, as we have already indicated, we have answered in the affirmative.

■ The award below, it seems to us, was inadequate. While the injuries were not very severe, Mrs. Gilly, who is shown to be a woman of 69 years of age, was severely bruised about the face, her nose was swollen, and her cheeks discolored. She remained in bed upon the advice of her physician for a period of five days, recuperating from the shock of the accident. Under the circumstances, we believe the award should be increased to the sum of $100.

For the reasons assigned, the judgment appealed from is amended by increasing the sum awarded plaintiff from $50 to $100, and, as thus amended, it is affirmed.

Amended and affirmed.