**ROSS v. BRITISH YUKON NAVI-
GATION CO., Ltd.**

**ROSS v. BRITISH YUKON NAVI-
GATION CO., Ltd.**

No. 12543.

United States Court of Appeals
Ninth Circuit.

April 25, 1951.

Bailey E. Bell, Anchorage, Alaska, Julien A. Hurley, Mike Stepovich, Jr., Fairbanks, Alaska, for appellants.

Plummer & Arnell, Anchorage, Alaska, for appellee.

Before HEALY and ORR, Circuit Judges and LEMMON, District Judge.

LEMMON, District Judge.

Two separate actions were brought by appellants, plaintiffs below, against appellee to recover damages for personal injuries and for damage to property resulting from a collision which occurred on the Alcan Highway, Yukon Territory, Dominion of Canada, between a tanker truck owned by appellee and alleged to have been driven negligently by its agent, Balfour Keenan, and an automobile driven by appellant Herman H. Ross, in which appellant Martha Cornelia Ross, his wife, was riding. Appellee cross-claimed against Herman H. Ross for damage to the truck. In addition to charging Mr. Ross with negligence, appellee alleged that Mrs. Ross was guilty of contributory negligence in that she was aware of the negligent driving by her husband, consented thereto, and failed to caution him to desist. The cases were consolidated for trial and tried to a jury. From a judgment entered upon a verdict against Mr. and Mrs. Ross upon their complaints, this appeal was taken. The jury found against Appellee upon its cross-claim.

The one serious question on this appeal relates to the finding of negligence on the part of Mrs. Ross.

■ The generally accepted rule is that the negligence of the husband is not to be imputed to the wife unless he is her agent in driving the automobile in which she is riding or they are engaged in the prosecution of a common enterprise. Proof of the marital relation will not alone permit of the imputation of the husband's negligence to the wife,[1] either under the theory of agency or joint enterprise.[2] Neither theory was advanced in the trial and no instructions were offered or given thereon. To the contrary, the jury was instructed that the husband's negligence was not to be imputed to the wife.

■ At the place of the collision between the two vehicles the highway was 28 to 30 feet in width, ample to permit the two cars to pass without interference. No circumstances are in the evidence which permit of a finding of an unavoidable or inevitable accident. The impact resulted from the negligence of one or both of the drivers. The jury took the view that both were negligent, since the verdict denied recovery to appellee as well as to appellants.[3] Thus it is necessary that we examine the record to determine whether there is any negligence attributable to Mrs. Ross.

■ At the time of the accident the Ross machine was descending and the truck was ascending a slight grade at a point

---

1. Phillips v. Denver City Tramway Co., 53 Colo. 458, 128 P. 460, Ann.Cas.1914B, 29; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716, citing R.C.L.; Hazel v. Hoopeston-Danville Motor Bus Co., 310 Ill. 38, 141 N.E. 392, 30 A.L.R. 491; Louisville, N. A. & C. R. Co. v. Creek, 130 Ind. 139, 29 N.E. 481, 14 L.R.A. 733; Southern R. Co. v. King, 128 Ga. 383, 57 S.E. 687, 11 L.R.A.,N.S., 829, 119 Am.St.Rep. 390; Louisville R. Co. v. McCarthy, 129 Ky. 814, 112 S.W. 925, 19 L.R.A.,N.S., 230, 130 Am.St.Rep. 494; Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148; Neal v. Rendall, 98 Me. 69, 56 A. 209, 63 L. R.A. 668; Street v. Inhabitants of Holyoke, 105 Mass. 82, 7 Am.Rep. 500; Herrell v. St. Louis-San Francisco R. Co., 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470; Moon v. St. Louis Transit Co., 237 Mo. 425, 141 S.W. 870, Ann.Cas.1913A, 183; Laird v. Berthelote, 63 Mont. 122, 206 P. 445, citing R.C.L.; Davis v. Guarnieri, 45 Ohio St. 470, 15 N.E. 350,

4 Am.St.Rep. 548; Janeway v. Lafferty Bros., 323 Pa. 324, 185 A. 827, citing R.C.L.; Alperdt v. Paige, 292 Pa. 1, 140 A. 555, citing R.C.L.

2. Nash v. Lang, 268 Mass. 407, 167 N.E. 762.

3. By instructions 6b and 6d the jury was told that in order for Mrs. Ross to recover the jury must find that the appellee's negligence was the proximate cause of her injuries. No objections were directed thereto. A similar vice is to be noted in instruction 8. The objection to it was general and did not point out the specific defect. These instructions are incorrect. As stated, the evidence justified the apparent finding that the accident was caused by the concurring acts of negligence of the two drivers. The jury might well have concluded from these instructions that if both drivers were guilty of negligence proximately causing her injuries, she was precluded from recovering.

where there was a curve in the highway variously described as "sharp" and "long sweeping". Mr. Ross was driving. Mrs. Ross was seated beside the driver. The Ross machine was traveling at an estimated speed of thirty-five to forty miles per hour. Keenan was on his right hand side of the road. When the Ross machine came into Keenan's full view, as Keenan says, it was "sweeping wide at the corner and well into the center line onto my side of the road." Mrs. Ross assumed no responsibility in the operation of the automobile and the law cast upon her no responsibility in that connection. She nevertheless had the duty to exercise ordinary care for her own safety. This duty included the obligation to warn the driver of danger of which she was aware or of which she would have been aware had she exercised ordinary care.[4] But if the danger was apparent for so short a period of time that it was impossible for her to warn her husband there would be no negligence on her part.[5] Although Mr. and Mrs. Ross both disclaim that either of them was negligent and claim that the truck and not their automobile was on the wrong side of the road, in considering the question we must take the evidence most favorable to appellee. However, there is no evidence that the negligence of Mr. Ross was other than for a fleeting period of time. No inference can be drawn from these detailed acts of negligence that prior to their happening Ross was not prudently operating his machine. If he had been using due care, Mrs. Ross had no reason to be apprehensive of her safety until she discovered or should have discovered that he was negligent.

She was not required to anticipate negligence on his part and, in the absence of any fact or circumstance indicating that he was or should be negligent, she had no duty to act.

As we view the evidence no reasonable opportunity was afforded Mrs. Ross to protest or to dissuade her husband from his negligent driving and the evidence does not permit of the implied finding of negligence on her part.

It is urged that the evidence does not support the verdict against Mr. Ross. We must assume that all conflicts in the evidence were resolved against appellants and in considering the question of the sufficiency of the evidence to sustain the verdict we look to the view thereof which is most favorable to appellee and we are obliged to accept as established all facts which have reasonable support in the evidence. Appellee is entitled to all inferences which may be reasonably drawn from the circumstances in evidence. The testimony as to negligence and causation was sharply in conflict. It would avail nothing to set forth in detail the various versions of the eye witnesses to the accident or the testimony of other witnesses. It suffices to point out that the testimony of Keenan and that of Jack Shiell, his riding companion in the truck at the time of the accident, and other evidence favorable to appellee, the acceptance of which by the jury is implicit in the verdict, supports the conclusion that Mr. Ross was guilty of contributory negligence. The questions of negligence and proximate cause were for the jury.

4. 61 C.J.S., Motor Vehicles, § 488, p. 102, and cases there cited.
5. Northern Pacific Railway Co. v. Moe, 8 Cir., 13 F.2d 377; Cram v. City of Des Moines, 185 Iowa 1292, 172 N.W. 23; McCrate v. Morgan Packing Co., 6 Cir., Ohio, 117 F.2d 702; Mesnickow v. Fawcett, 99 Cal.App. 357, 278 P. 500; Baumgardner v. Boyer, 320 Ill.App. 438, 51 N.E.2d 784; Opple v. Ray, 208 Ind. 450, 195 N.E. 81; Davis v. Dondanville, 107 Ind.App. 665, 26 N.E.2d 568; Bowman v. Ernst, 254 Ky. 736, 71 S.W.2d 1013; Cooper v. Garrett, La.App., 6 So.2d 209, followed in Veronie v. Garrett, La.App., 6 So.2d 215; Provosty v. Christy, La. App., 152 So. 784; Gilly v. Harris, La. App., 152 So. 378; Rumpf v. Callo, 16 La.App. 12, 132 So. 763; Banks v. Adams, 135 Me. 270, 195 A. 206; Kimball v. Bauckman, 131 Me. 14, 158 A. 694; Hubenette v. Ostby, 213 Minn. 349, 6 N. W.2d 637; Fulcher v. Ike, 142 Neb. 418, 6 N.W.2d 610; O'Brien v. J. I. Case Co., 140 Neb. 847, 2 N.W.2d 107; Klauber v. Jackson, 124 Misc. 738, 209 N.Y.S. 209; Landy v. Rosenstein, 325 Pa. 209, 188 A. 855; Winters v. York Motor Express Co., 116 Pa.Super. 421, 176 A. 812; Horton & Horton v. House, Tex.Com.App., 29 S. W.2d 984; 42 C.J., p. 1173, note 56; 61 C.J.S., Motor Vehicles, § 488, note 88.

There are numerous other specifications of error urged in support of reversal of the judgment against Mr. Ross. We have examined all of them but find none of them meritorious or justifying further prolongation of this opinion. The very fact that counsel have seen fit to assign so many unsubstantial errors upon his appeal tends to indicate that they have themselves little confidence in any of them.

The judgment is affirmed as to Herman H. Ross and is reversed as to Martha Cornelia Ross.