BERNICE E. TINKER
*vs.*
ROBERT M. TREVETT

Penobscot.   Opinion, November 17, 1959.

*Wendell R. Atherton,* for plaintiff.

*Eaton, Peabody, Bradford & Veague,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   In this accident case a sedan operated by the plaintiff and a truck operated by the defendant

collided in a street intersection in Bangor. Exceptions to the direction of a verdict for the defendant are sustained.

The issues are whether a jury would be warranted in finding that the defendant was negligent and the plaintiff was in the exercise of due care. In directing the verdict the presiding justice ruled that as a matter of law either the defendant was in the exercise of due care, or the plaintiff was guilty of contributory negligence, or both.

Under the familiar rule we take the evidence with its inferences in the light most favorable to the plaintiff. *Ward* v. *Merrill,* 154 Me. 45, 141 A. (2nd) 438.

The jury could have found as follows:

The intersection is formed by West Broadway, running north and south, and Lincoln Street, running east and west. A stop sign on Lincoln Street controlled traffic entering West Broadway from the west. The plaintiff approached the intersection from the north on West Broadway and the defendant from the west on Lincoln Street.

The accident took place on a cold clear winter morning. The streets were covered with hard packed snow and ice, and in particular Lincoln Street, to use defendant's words, "It was very icy. It was as icy as it could be, I believe."

The defendant proceeding at about 20 miles per hour entered Lincoln Street from Webster Street, a block west of the scene of the accident. Lincoln Street has a descending grade which becomes steeper a short distance from Webster Street.

The defendant lost control of his truck on Lincoln Street. He tried without success to check its slide by application of the brakes, and when about 100 feet from the intersection on realizing that he could not stop at the stop sign, he attempted to turn the truck into the ditch. He continued,

however, to slide down the hill into the intersection colliding with the plaintiff's sedan. Brake marks were observed by the police for a distance of 150 feet to the point of impact.

The cars collided in the southwest quarter of the intersection. The damage to the plaintiff's sedan included damage to the right front fender and wheel with dents on the right rear fender. The front end of defendant's truck was damaged. The front of the sedan had almost reached the south line of the intersection when the crash occurred.

In our view of the record, the issue of defendant's negligence or due care was clearly for the jury to determine.

First, the defendant failed to obey the statute in not stopping at the stop sign. R. S., c. 22, § 89. The violation of statute was in itself evidence of negligence. There is no merit in the suggestion that there was no evidence introduced to prove the lawful establishment of the stop sign. No such evidence was required. The statute provides that a stop sign, such as this, is to be taken as prima facie lawfully established, and there was not the slightest shred of evidence to indicate otherwise. R. S., c. 22, § 88.

Second, the explanation given by the defendant of his failure to obey the traffic laws did not demand a finding of due care. Skidding alone does not prove negligence. The surrounding circumstances may, however, supply the facts which justify such a finding. *Marr* v. *Hicks,* 136 Me. 33, 1 A. (2nd) 271.

In the instant case the jury could well consider the defendant's speed, the downgrade, the icy condition of Lincoln Street, and the application of brakes. These would be among the important factors in determining whether the defendant in sliding out of control into an intersection guarded by a stop sign, failed to meet the standard of the reasonably prudent man under the circumstances. Cf. *Cox* v. *Sinclair,* 153 Me. 372, 139 A. (2nd) 835.

We turn to the issue of plaintiff's due care. The plaintiff's own version is in substance that she approached the intersection at not over 20 miles per hour; that when about a car length away she glanced at Lincoln Street in both directions; that she observed nothing and continued into the intersection, seeing the defendant for the first time just before the collision.

It is plain that the defendant was in plaintiff's sight when the plaintiff's sedan was more than a car length north of the intersection. The vision of neither plaintiff nor defendant was obscured to the extent suggested by the plaintiff's testimony.

We may properly ask, however, what the plaintiff should have observed with reference to defendant's truck as it advanced on Lincoln Street. Where was she when she should have seen that the truck was out of control and would slide without stopping into the intersection? Was she negligent thereafter in not avoiding the collision?

From our study of the record, we cannot say as a matter of law that the fact the defendant's car was sliding out of control into West Broadway should have been known to the plaintiff by observation from West Broadway until after she was committed to entering the intersection. *Crockett* v. *Staples,* 148 Me. 55, 89 A. (2nd) 737.

*Morrissette* v. *Cyr,* 154 Me. 388, an intersection case in which we approved the direction of a verdict for the defendant, differs from the case at bar. There the plaintiff with no stop sign against the defendant entered a street intersection when he should have observed the defendant approaching from the right a short distance away and at a high rate of speed.

In sustaining the exceptions to the direction of a verdict for the defendant, we in no way indicate what the finding

of a jury should be. Our opinion goes no further than to hold that the issues of liability on this record were issues of fact for the jury to decide.

The entry will be

*Exceptions sustained.*