**Gretl J. HOCH**

v.

**Sidney L. DOUGHTY.**

Supreme Judicial Court of Maine.

Nov. 16, 1966.

Burton G. Shiro, Waterville, for plaintiff.

Locke, Campbell & Chapman, by Joseph B. Campbell, Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

WEBBER, Justice.

After jury verdict for plaintiff the defendant seasonably filed motion for judgment n. o. v. This motion was denied and defendant appeals.

On a blustery winter day in Jackman the plaintiff's small Volkswagen was in collision with a snowplow driven by defendant.

The road surface was 26 feet wide with snowbanks on either side rising to a height of 7 to 10 feet.

■ In accordance with familiar principles we must view the evidence with its inferences in the light most favorable to the plaintiff. Crockett v. Staples, (1952) 148 Me. 55, 89 A.2d 737. The plaintiff says that she came around a right hand curve in the road proceeding at a speed of 20 to 25 miles per hour; that because of the high banks of snow she could not see the plow approaching in the opposite direction beyond the curve; that she was suddenly confronted by the defendant's vehicle occupying a portion of her side of the road and no more than 30 feet in front of her, and that this snowplow, several times the size of her own car, presented to her and directly in her path the appearance of a "big wall", a "monster". She relates that she instantly applied her brakes seeing no opportunity to steer her car safely to the right of the plow, and that she skidded forward to a point of impact which occurred on her side of the center line of the highway. The snowplow was in fact a large dump truck with plowing attachments on the front and right sides. It was not engaged in plowing snow at the time of the accident. The front blade was 13 feet 2 inches wide. Defense witnesses estimated the speed of the plow as it proceeded along the highway at 10 to 12 miles per hour. Measurements taken by disinterested witnesses after the accident indicated that the right front of the plow was against the snowbank on its side of the road but the left rear of the vehicle was about a foot over the center line on the plaintiff's side.

This case clearly falls within well established legal principles and in our view presents typical jury questions. The applicable principles may be summarized as follows:

29 M.R.S.A. Sec. 941. "When persons traveling with a team are approaching to meet on a way, they shall seasonably turn to the right of the middle of the traveled

part of it so that they can pass each other without interference. * * *"

■ "The word 'team' has been broadened in meaning so as to include automobiles. Bragdon v. Kellogg, 118 Me. 42, 105 A. 433, 6 A.L.R. 669.

■ " 'They shall seasonably turn,' etc., means that *each* of the drivers of two passenger automobiles, when approaching to meet on a public road, shall turn to the right, with such promptness, in due season, in such season that neither shall be retarded in his progress by reason of the other occupying any part of such road, except the half to that other's right.

■ "That a party was at his left of the road at the time of collision is strong evidence of carelessness is held to be law by this court, which has said further that, unexplained and uncontrolled, such position would be, not only strong, but conclusive evidence of carelessness. Neal v. Rendall, 98 Me. 69, 56 A. 209, 63 L.R.A. 668." American Mut. Liability Insurance Co. v. Witham (1925), 124 Me. 240, 241, 127 A. 719.

■ "If at a corner or bend or on a straight road one car can see the other, it is a statutory duty to 'seasonably turn' to the right. A fortiori should it be a statutory duty to so turn, at a blind corner, *or turn in the road, when legally bound to anticipate that an approaching car may at any moment appear.*" (Emphasis ours) Bragdon v. Kellogg, (1919) 118 Me. 42, 48, 105 A. 433, 436.

■ Plaintiff was not bound to anticipate defendant's negligence. She could fairly assume that the defendant would obey the law until the contrary became or should in the exercise of reasonable care have become apparent. Davis v. Simpson, (1941) 138 Me. 137, 23 A.2d 320; Crockett v. Staples, supra; Tinker v. Trevett (1959) 155 Me. 426, 156 A.2d 233; Goldstein v. Sklar, (1966) Me., 216 A.2d 298.

■ "When a person is required to act in an emergency and in a place of impending personal peril, the law will not declare that reasonable care demands that he must choose any particular one of the alternatives presented. In such cases the law invokes the judgment of a jury." Coombs v. Mackley, (1928) 127 Me. 335, 339, 143 A. 261, 262; Kimball et al. v. Breton, Ex'x, (1958) 153 Me. 476, 485, 138 A.2d 637.

■ "If one uses that degree of care which an ordinarily prudent person would have used under the same circumstances and in the same emergency, *the emergency having been created by the negligence of the other, and without any prior negligence on his part contributing to produce the emergency*, negligence cannot be predicated on such conduct." St. Johnsbury Trucking Co., Inc. v. Rollins, (1950) 145 Me. 217, 222, 74 A.2d 465, 468, 21 A.L.R.2d 88; Robinson et al. v. LeSage, (1950) 145 Me. 300, 303, 75 A.2d 447.

■ Mere skidding of a motor vehicle is not evidence of negligence. Morin v. Carney, (1933) 132 Me. 25, 165 A. 166.

■ One familiar with the hazards of winter driving might now conclude on the basis of hindsight that the plaintiff might have escaped collision by "pumping" her brake and attempting to steer her vehicle through the narrow space between the approaching snowplow and the snowbank on her right side. Without doubt by a sudden and sustained application of her brakes she forfeited any opportunity to control the course of her car thereafter by its steering mechanism and in fact induced a skid to the point of impact. As already noted, however, one confronted with a sudden emergency created entirely by the fault of another is not bound to select what in hindsight may be deemed to be the more prudent course of conduct. The split second decision required in such an emergency does not admit of a calm and careful weighing of alternatives. Under such circumstances as these one is not adjudged

guilty of contributory negligence merely because he obeys the instinctive reaction of the moment rather than the dictates of a reflective judgment. It can by no means be said as a matter of law that this plaintiff did not do what an ordinarily prudent driver would have done in the identical situation.

The findings which the evidence and its inferences permitted a jury to make were well and accurately summarized by the justice below when he ruled on the defendant's motion for judgment n. o. v. and therein said in part: "The jury in this case would have been warranted in finding inter alia that the plaintiff was traveling prior to and at the time of the accident in a careful, prudent and reasonable manner having due regard for the surface, width of the highway and conditions then existing; that the defendant immediately prior to the accident operated his motor vehicle to the left of the center of the traveled way; that he did not see the plaintiff until he was but a few feet away; that he did not turn his vehicle to the right of the center line of the highway until after the collision; that the defendant's position on the highway was evidenced by the position of the left rear tires of his vehicle after the accident in that they were to the left of the center of the traveled way. The defendant's vehicle, gross and weighty, was not moved backwards by the impact of this collision with the plaintiff's compact vehicle."

We add only and in response to the defendant's vigorous contention to the contrary that in the light of the evidence most favorable to the plaintiff the position of the snowplow after it had come to rest by no means rendered it incredible or improbable that at the moment it first became visible to the plaintiff it was proceeding in such manner as to occupy a substantial portion of the plaintiff's side of the highway. It follows that the doctrine of Jordan v. Portland Coach Co., (1954) 150 Me. 149, 107 A.2d 416 that uncontroverted and undisputed physical facts may completely override the uncorroborated oral testimony of an interested witness has no application here.

The entry will be

Appeal denied.