JOSEPH F. FEELY
*vs.*
EDWARD NORTON

Androscoggin.    Opinion, August 4, 1953.

*John A. Platz,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

MERRILL, C. J.   On exceptions.   This was an action to recover for injuries to the person and property of the plaintiff suffered in a collision of automobiles caused by the alleged negligent operation of his car by the defendant.   At the close of the evidence the defendant moved for a directed verdict.   This motion was granted.   The case is now before this court upon plaintiff's exceptions to the direction of the verdict by the presiding justice.

Taking the evidence in its most favorable light for the plaintiff, as we must in cases of this kind, the jury could have found the following facts.   The plaintiff and the defendant were each operating their respective automobiles. The collision took place upon a straight stretch of highway on the outskirts but not within the built-up section so-called of the town of Lisbon.   The highway was new, smooth, and level with a macadam surface thirteen paces wide, divided in the center by a white line.   Signs limiting the speed to thirty-five miles an hour had been erected under the direc-tion of the Highway Commission at points several hundred feet east and west of the point of collision.   The plaintiff was driving his automobile from Lewiston toward Lisbon. The defendant was driving his automobile from Lisbon toward Lewiston.   At approximately the center of this straight stretch of highway and on the plaintiff's right hand

side thereof was the defendant's home. The defendant was on his way home from work in Lisbon. To drive into his driveway it was necessary for him to turn across the highway from the right hand lane thereof, in which he was travelling, to his left side of the highway. To do this it was necessary for him to cross the highway lane used by traffic coming from Lewiston toward Lisbon. Both parties were, until the defendant made his turn across the highway to enter his driveway, travelling in their respective right hand lanes of the highway. Both parties, so far as highway conditions were concerned on the day of the accident, had a clear view of oncoming traffic for a distance of at least one-quarter of a mile, with the defendant's driveway at approximately the middle thereof. The defendant travelling toward his home from Lisbon, without giving any signal of his intention so to do, turned directly across the highway in front of the oncoming automobile driven by the plaintiff. There is a conflict of testimony between the plaintiff and the defendant as to whether or not at the time the defendant turned across the highway his view of oncoming traffic was obscured by smoke from grass being burned beside the highway. For our purposes, however, we must accept the testimony of the plaintiff that there was no smoke which did or could have obscured the vision of either of the parties. There is also evidence from which the jury could have found that the defendant's attention was diverted by a dog or dogs outside the highway.

The plaintiff testified and we must, for the purposes of this case, accept his testimony as true, that just before he came to the town of Lisbon he saw the defendant's car on his, the defendant's, side of the road coming toward him; that the road was perfectly straight for more than a quarter of a mile; that between the defendant's car and the plaintiff's car there were no crossroads and no intersections whatever; that the plaintiff watched the defendant and concluded and was justified in so doing that the defendant was

going to proceed onward by the plaintiff; that as they came closer together the defendant suddenly turned to his left directly in front of the plaintiff, giving no hand signal or warning of any kind. Without estimating the distance between the two cars when the defendant turned, the plaintiff stated that he was very close to him; that he, the plaintiff, had nothing else to do but put on his brakes, which were four-wheel brakes in good working order, and pull his car to the right as far as he could and still stay in the road; this he did; the defendant kept on coming and his car hit the left rear end of the plaintiff's car which almost passed him; the plaintiff's car then went out of control, out of the road and rolled over, coming to a stop forty-six feet from the point of collision. This latter distance is based upon undisputed testimony of a State Police officer who measured the same.

From the point of collision leading back toward Lewiston there were tire burns on the surface of the road extending toward Lewiston a distance of slightly over one hundred feet. Although the plaintiff urges that whether these tire marks were made by his car is a question of fact for the jury, from the testimony in the case the conclusion is inescapable that the tire burns on the road were made by the plaintiff in braking his car prior to the collision. The plaintiff's car must have been at least a little more than one hundred feet distant from the point of collision when he applied his brakes upon seeing the defendant turn across the road.

To maintain his action the plaintiff must establish by a fair preponderance of the evidence that the accident was proximately caused by the negligence of the defendant and that no negligence on his part was to the slightest degree a proximate cause thereof. In other words, the plaintiff must prove the defendant's negligence and his own freedom from contributory negligence.

There was sufficient evidence in the case to make the defendant's negligence an issue of fact for the jury. This alone, however, did not require the submission of the case to the jury. Unless there was also sufficient evidence in the case to justify a jury in finding that no negligence on the part of the plaintiff was a proximate cause of the collision it was not error to direct the verdict for the defendant.

The burden of establishing his own freedom from contributory negligence is upon the plaintiff. This burden is an affirmative one. Unless the plaintiff affirmatively shows that his conduct was such that no lack of due care on his part was one of the proximate causes of the collision he cannot recover. Unless there was sufficient evidence in the case to justify the jury in making an affirmative finding that the plaintiff's conduct was free from negligence that contributed as a proximate cause of the collision, the action of the presiding justice must be sustained and the exceptions overruled.

The foregoing principles of law are so elementary that we need cite no authorities to support the same.

The plaintiff testified that he approached the scene of the accident driving thirty to thirty-five miles per hour. The defendant urges that the mute evidence of the tire burns and the distance which the plaintiff's car travelled after the collision absolutely refutes this estimate of speed given by the plaintiff. This contention of the defendant must be sustained. There is no evidence in the record from which it could be found that the plaintiff was driving his car at a speed not in excess of thirty-five miles per hour. On the other hand, this is not decisive of the propriety of the direction of the verdict for the defendant.

While the evidence of the tire burns on the surface of the highway and the distance which plaintiff's car rolled after being struck by the defendant's car is sufficient to establish

that the plaintiff was travelling in excess of thirty-five miles an hour, the rate which he was travelling was a question of fact for the jury. When determined by them it would be a further question of fact for them whether that rate of speed was excessive under the circumstances, and if excessive, whether or not it was a proximate cause of the injury. Whether or not the speed at which the car was being driven by the plaintiff was a proximate cause of the injury, or whether it was only a condition under which the negligence of the defendant became operative and effective as a proximate cause thereof was a question of fact for the jury.

In this case we are asked to rule as a matter of law, that because the plaintiff was driving his car at such a rate of speed that he could not stop the same within a distance of a little more than one hundred feet when attempting to do so by brakes in good condition, and because of the fact that after being struck on his left side his car rolled over and went forty-six feet, he has failed to offer any evidence from which the jury could find that he was in the exercise of due care on his part or that his own negligence did not in any way constitute one of the proximate causes of the accident. We cannot agree to this proposition. Whether or not he was driving at an unreasonable rate of speed, so that it constituted negligence on his part was a question of fact for the jury. Counsel for the defendant cites the case of *Esponette v. Wiseman,* 130 Me. 297 as conclusive upon this question.

The care required of plaintiffs and defendants alike is due care. Due care is that degree of care which the reasonably prudent man, that is, the man of reasonable prudence, *would* exercise under like circumstances. Whether or not the parties were in the exercise of due care is to be determined by foresight not by hindsight, although what they actually did may be determined from the evidence of circumstances existing after the accident.

*Esponette* v. *Wiseman* is an opinion written twenty-two years ago, since which time it is common knowledge that there have been great advances in the construction of motor cars and that speeds which were then unsafe and which would not be attempted by the ordinarily prudent man are now not only commonplace, but reasonably safe. By this we do not mean to palliate in any way or to any degree reckless or careless driving. Whether or not a certain speed under the surrounding circumstances is one which is negligent, and if so, in the event of the occurrence of an accident is a proximate cause of the same is ordinarily a question of fact for the jury.

The plaintiff in this case was driving upon a straight, open, level, wide stretch of new highway. He was not in a so-called built-up section. He saw the defendant when about a quarter of a mile distant proceeding toward him on his, the defendant's, own side of the highway. He continued to watch him as he approached. He saw no indication that the defendant intended to do other than proceed along the highway on his own side of the road. The jury could find that the plaintiff had a right to assume that the defendant likewise saw him approaching and that he would not attempt to turn across in front of him without seasonably signalling his intent so to do. The jury could find that this would be at such a distance prior to turning across the highway that the plaintiff would have had ample time to stop his car had such signal been given. If this were true, unless the jury found that the plaintiff was driving at such an unreasonable rate of speed that he could not have stopped his car had a proper signal been given by the defendant at a proper distance before making his turn, they would be justified in finding that the plaintiff's speed was not in any way a proximate cause of the accident. These were questions of fact for the jury and if found in the plaintiff's favor would have justified a verdict for the plaintiff.

The principles of law underlying automobile cases are simple. They are the ordinary rules of law governing negligence, contributory negligence, and proximate cause. Decisions in other cases are not particularly helpful because it is almost impossible to duplicate facts and surrounding circumstances.

The question of the plaintiff's speed as a proximate cause of collision has heretofore received little attention in the opinions of this court. In the case of *Esponette* v. *Wiseman* the court without discussion assumed that if the plaintiff was driving at an unreasonable speed it would amount to contributory negligence on his part. This is not necessarily so unless it is a proximate cause of the accident.

A very interesting case on excessive speed as proximate cause of the collision is *Butner* v. *Spease,* 6 S. E. (2nd) 808. In that case a passenger in one automobile sued the driver of that automobile and the driver of another automobile who, without warning, as did the defendant in this case, turned across the highway in front of the driver of the car in which the plaintiff was riding. In that case in holding that the driver of the car in which the plaintiff was riding was not liable although he was driving at a rate in excess of 45 miles an hour which was prima facie unlawful in that state, the court said:

> "Nevertheless, conceding the speed of the Butner car to be in excess of 45 miles an hour, and therefore prima facie unlawful, it is manifest that its speed would have resulted in no injury but for the 'extraordinarily negligent' act of the defendant Spease—in the language of Restatement of Torts, Sec. 447. Powers v. Sternberg, supra. Hence, the proximate cause of the collision must be attributed to the gross and palpable negligence of the driver of the north-bound vehicle."

It is a well known common law principle that a passenger in an automobile involved in a collision can recover from

the drivers of both of the cars if their negligence to the slightest degree contributes proximately to cause the accident. The driver in the Butner case was exonerated from liability even though his driving of the car was prima facie at an unreasonable speed because it was not a proximate cause of the collision. The same principle of law would allow the plaintiff in this case to recover even though he were driving at an unreasonable rate of speed, unless that unreasonable rate of speed was a proximate cause of the accident. Whether or not he was driving at an unreasonable rate of speed, and if so, whether or not it was a contributing cause to the collision were questions of fact for the jury and should have been submitted to them for their decision. The direction of a verdict for the defendant was error in law. The entry must be

*Exceptions sustained.*