Deborah E. LYMAN

v.

**Paul J. BOURQUE.**

Supreme Judicial Court of Maine.

June 13, 1977.

Linnell, Choate & Webber by Curtis Webber, Jon S. Oxman, Auburn, for plaintiff.

Clyde L. Wheeler, P. A., Waterville, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

On the afternoon of April 4, 1974, the plaintiff and defendant were involved in an automobile accident while both parties were operating their motor vehicles in a northerly direction along Benton Avenue in Winslow. The plaintiff's action alleged negligence of the defendant and sought damages for resulting personal injuries. At the close of the plaintiff's case and despite the applicability of the doctrine of comparative neg-

ligence,[1] the defendant's motion for a directed verdict was granted and this appeal followed.

We sustain the appeal.

Benton Avenue is a two-lane highway in a residential section of Winslow with a posted speed limit of 30 m.p.h. The plaintiff testified that on the afternoon of the accident she was travelling in the northbound lane at a speed of approximately 25 m.p.h., when she decided to make a left turn into a private driveway for the purpose of reversing her direction. She further testified that when she was 100 to 150 feet from the driveway she activated her left directional light,[2] looked in her side and rear view mirrors, and observed nothing behind her for several hundred feet. She then reduced her speed for the purpose of negotiating the left turn and, as her automobile crossed the center line of Benton Avenue, it was struck on the left side by the defendant's vehicle which was apparently attempting to pass.

The defendant rested without introducing any testimony.

In directing a verdict for the defendant, the following reason was given:

"[I]t's obvious in this case, from the testimony of the plaintiff, herself, that she failed to see what was there to be seen; that there was ample distance."

■ In reviewing the presiding Justice's action, we are guided by the familiar precept that a directed verdict for a defendant should not be granted where, viewing the evidence in the light most favorable to the plaintiff, including every reasonable inference therefrom, a proper jury issue was presented. *See, e. g., Gowell v. Thompson,* 341 A.2d 381, 382 (Me.1975); *MacArthur v.*

*Dead River Co.,* 312 A.2d 745, 746 (Me. 1973); *Isaacson v. Husson College,* 297 A.2d 98, 101 (Me.1972); *Boetsch v. Rockland Jaycees,* 288 A.2d 102, 103–04 (Me.1972). Although *Moore v. Fenton,* 289 A.2d 698, 700 n.1 (Me.1972), dealt with facts predating the 1965 enactment of the comparative negligence statute, our admonition therein is equally applicable to cases arising since that enactment, namely,

"the presiding Justice should direct a verdict only sparingly, as the exception rather than the rule. Only if the correctness of directing a verdict appears so clear to the presiding Justice that all reasonable doubts of possible error or uncertainty have been removed in his mind should he grant it."

It is the defendant's contention that since the plaintiff was legally bound to see that which was open and apparent and since his vehicle was obviously behind her, she was negligent as a matter of law in not seeing the same and, therefore, the presiding Justice correctly directed the verdict in his favor.[3]

We disagree.

■ The rule which the defendant argues supports the action of the Justice below, however, applies to a defendant as well as to a plaintiff. On the basis of plaintiff's testimony, the jury might have concluded that she gave a continuous signal of her intention to turn left for at least 100 feet before doing so. Furthermore, the jury might also have found that the defendant, as he was overtaking and intending to pass the plaintiff's car, failed to see that warning signal and that it was this failure, coupled with his desire to pass, which proximately caused the collision. *See Spang v.*

---

1. 14 M.R.S.A. § 156.

2. *See* 29 M.R.S.A. § 1191, which provides in pertinent part:

 "No person shall turn a vehicle . . . to enter a private road or driveway or otherwise turn a vehicle from a direct course, or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal

. . . in the event any other traffic may be affected by such movement.

 A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

3. *Gregware v. Poliquin,* 135 Me. 139, 143, 190 A. 811, 813 (1937); *Callahan v. Amos D. Bridges Sons, Inc.,* 128 Me. 346, 348–49, 147 A. 423, 424 (1929).

*Cote,* 144 Me. 338, 345, 68 A.2d 823, 827 (1949). Although the defendant was under no statutory obligation to give an audible warning[4] of his intention to pass the plaintiff's vehicle, since Benton Avenue is in a residential district, a jury might have considered that a reasonably prudent driver would have done so under these particular circumstances. In short, the fact that the Justice below found that the plaintiff negligently failed to see the overtaking vehicle of the defendant does not establish as a matter of law that the sole proximate cause of this accident should be attributed to the plaintiff. *See Moore v. Fenton, supra* at 705–06.

 Under the Maine Comparative Negligence Act a plaintiff's cause of action is not barred by his own negligence. A contributorily negligent plaintiff may still recover unless, as the Act provides, he "is *found by the jury* to be equally at fault." (emphasis supplied). Thus, the statute makes clear that it is the sole prerogative of the jury to determine the comparative degrees of fault of each of the parties to a negligence action. *See Wing v. Morse,* 300 A.2d 491, 496 (Me.1973); *Orr v. First National Stores, Inc.,* 280 A.2d 785, 797 (Me. 1971). Because defendant's motion for a directed verdict was granted, the jury never had an opportunity to make that determination. It is simply not possible to say *as a matter of law* that the plaintiff's causal negligence, if any, was equal to or greater than the defendant's, if any. That determination "was a matter exclusively for the judgment of the jury." *Orr v. First National Stores, Inc., supra* at 797. It was error to direct a verdict for the defendant.

The entry is:

Appeal sustained.

All Justices concurring.