## Candace FERGUSON

v.

## Katherine BRETTON.

Supreme Judicial Court of Maine.

July 5, 1977.

Lipman, Parks, Livingston & Lipman, P. A. by John M. Parks, Sumner H. Lipman, Augusta, for plaintiff.

Wathen & Wathen by Daniel E. Wathen, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

For the third time in the last few weeks we are faced with a claim of error arising from direction of a verdict for the defendant by the presiding justice in a case bottomed on 14 M.R.S.A. § 156 (Comparative Negligence Act).

The plaintiff has appealed.

The action of the presiding justice in this case receives the same fate as did the action of the presiding justices in the other two cases.

We sustain the appeal.

Unlike the situation in *Lowery v. Taylor and Sons, Inc.*, Me., 374 A.2d 325 (1977) and *Lyman v. Bourque*, Me., 374 A.2d 588 (1977), the presiding justice in the instant case concluded there was no negligence shown on the part of the appellee because, he concluded, there was no duty owed by the appellee to the appellant.

The appellant resided as a guest in the appellee's home. While descending the steps leading from her hostess's home, she allegedly was caused to fall by the breaking of the edge of a concrete step. Personal injury resulted.

Appellant knew others had fallen on the same steps. She testified that at the time of the fall she was thinking of the faulty condition of the steps. There were only two means of exit from the house. One was the exit by the steps on which appellant fell; the other was from a door which the appellee kept locked.

By statute (14 M.R.S.A. § 159) the duty owed to a social invitee on the premises of a landlord is the same as the duty owed to a business invitee. It follows that

the appellant's hostess owed appellant the duty of exercising reasonable care to provide reasonably safe premises. *Orr v. First National Stores, Inc.*, Me., 280 A.2d 785 (1971).

The presiding justice premised his reasoning which led to the directing of the verdict for the appellee on his interpretation of section 343A of the Restatement (Second) of Torts (1965).[1]

This court adopted the rule of section 343A of the Restatement in *Isaacson v. Husson College*, Me., 297 A.2d 98 (1972). In that case the decision was premised on that portion of section 343A(1) providing an exception to the rule of nonliability in this language: *"unless the possessor should anticipate the harm despite such knowledge or obviousness."*

This court quoted comment (f) of the Restatement under section 343A as summarizing our views. *"Our views"* as well-summarized in comment (f) are:

*"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection."*

One example given in *Isaacson* is the situation *"where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."*

Since one of the two means of exit from the building was locked, the exit of which the defective step which caused the appellant's fall was a part was the only exit available to her. In these circumstances a jury could properly find that the appellee owed a duty to anticipate the harm to appellant from the defective step despite the obviousness or despite the appellant's knowledge that the step was defective. A jury question was generated by the evidence.

As we pointed out in *Isaacson* the fact that the danger is known or is obvious is important in determining whether the invitee is to be charged with contributory fault. It is not, however, conclusive in determining the duty of the possessor or whether she acted reasonably under the circumstances.

Since a jury question as to the appellee's causative negligence was presented, the comparative fault of the parties was a matter exclusively for the jury. *Lyman v. Bourque*, supra.

It was error to direct a verdict for the defendant.

The entry must be:

Appeal sustained.

Remanded to the Superior Court for a new trial.

---

1. *"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."* Restatement (Second) of Torts (1965) § 343A(1).