George H. REED, III, a minor, by
Suzanne G. Reed, Individually and
as mother and next friend

v.

Philip T. RULE.

Supreme Judicial Court of Maine.

July 22, 1977.

Richard W. Elliott, Boothbay Harbor, for plaintiff.

Robert L. Hazard, Ronald D. Russell, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, and GODFREY, JJ.

DELAHANTY, Justice.

The plaintiff, George Reed, III (Reed), brought this action to recover damages for personal injuries sustained when defendant Philip Rule's (Rule) automobile collided with a bicycle operated by Reed on Route 27 in Boothbay Harbor. At the time of the accident, Reed was 14 years old. Reed's mother, Suzanne Reed, is also a plaintiff. Her action was for recovery of expenses incurred in the treatment of her son and for property damage. At the close of the plaintiffs' case, the presiding Justice granted a motion for a directed verdict. From the judgment entered, the plaintiffs appeal. We sustain the appeal.

The parties agree that the sole issue on appeal is the sufficiency of evidence to raise a jury question.

Evaluation of the validity of a directed verdict mandates that we consider the evidence, including every justifiable inference therefrom, whenever reasonably possible, in the light most favorable to the plaintiffs as the parties against whom the verdict was directed. *Lyman v. Bourque,* Me., 374 A.2d 588 (1977); *Moore v. Fenton,* Me., 289 A.2d 698 (1972); *Feely v. Norton,* 149 Me. 119, 99 A.2d 285 (1953). Applying this standard, we find that the jury would have been warranted in finding the occurrence of the following events.

In the early afternoon of August 1, 1973, Rule collided with the minor plaintiff

slightly south of the "T" intersection formed by Routes 27 and 96 in Boothbay Harbor. Route 27 runs in a north-south direction. Route 96 intersects it at a right angle from the east, while a shopping center borders it on the west. At the time of the accident, the access to the shopping center was located slightly north of the point at which Route 96 abuts Route 27.

As the defendant drove his automobile in a southerly direction along Route 27 toward the "T" intersection, he observed that the vehicle ahead of him was stopped near the center line. The directional light on this car indicated that the driver intended to make a left turn into the eastbound lane of Route 96. A second vehicle was stopped at the terminus of Route 96 in preparation for a right turn into the northbound lane of Route 27.

Reed, meanwhile, was riding his bicycle in the northbound lane of Route 27 toward the "T" intersection. In an effort to reduce his speed as he came down the hill toward the shopping center and intersection, Reed applied his handbrakes. Although the brakes had apparently functioned properly in the past, they failed on this occasion. The minor plaintiff later testified that he had observed both vehicles stopped in preparation for turns and that a collision with one of them was imminent unless he took evasive action. Accordingly he attempted to "dart" across Route 27 to the safety afforded by the shopping center parking lot. At that moment, Rule was passing on the right the vehicle preparing to enter the eastbound lane of Route 96. Defendant and plaintiff saw each other at approximately the same time. A collision ensued between the left front of Rule's automobile

and the front wheel of Reed's bicycle. The record indicates that tiremarks extended from a point opposite the entrance to the shopping center to that point at which Rule's car stopped.

In *Moore v. Fenton,* Me., 289 A.2d 698 (1972), this Court cautioned trial courts to use sparingly their power to grant a directed verdict pursuant to M.R.Civ.P. 50(a).[1] Specifically we said:

> Only if the correctness of directing a verdict appears so clear to the presiding Justice that all reasonable doubts of possible error or uncertainty have been removed in his mind should he grant it. *Moore v. Fenton, supra* at 700 n.1.

*Accord Lyman v. Bourque, supra; Brewer v. Roosevelt Motor Lodge,* Me., 295 A.2d 647 (1972). The grant of a motion for a directed verdict should be the exception and not the rule.[2] *See Brewer v. Roosevelt Motor Lodge, supra* at 650. Cure of an erroneous jury verdict by issuing a judgment n.o.v. is better than prevention of a verdict.[3] If the Law Court sustains the jury verdict on appeal, it may then reinstate that verdict and order judgment without resort to a second trial to obtain a verdict.

In the instant case, the plaintiffs had the burden to prove that the negligent action of the defendant was the proximate cause of the minor plaintiff's injuries in order to recover damages. *Wing v. Morse,* Me., 300 A.2d 491 (1973); *Brewer v. Roosevelt Motor Lodge, supra.* By granting the defendant's motion for a directed verdict, the trial Justice, in effect, concluded that the evidence was insufficient to present a question of fact for a jury. We disagree.

1. M.R.Civ.P. 50(a) provides in pertinent part: A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of all the evidence. . . . . . A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

2. When called upon to rule on a motion for a directed verdict in the future, a trial Justice may well pause to consider whether his action is within the rule in "Reed's Case" and the

litany of cases cited as precedentially controlling.

3. We recognize that the position taken in this case as well as in *Moore v. Fenton, supra* contravenes somewhat the position expressed in *Weed v. Clark,* 118 Me. 466, 469, 109 A. 8, 9 (1920) that direction of a verdict adheres to "the axiomatic principle that prevention is better than cure." *Weed v. Clark, supra* preceded the adoption of M.R.Civ.P. 50(a) by nearly forty years.

The defendant argues that he was not negligent as a matter of law because of his compliance with 29 M.R.S.A. § 1151. This statute governs the passing or overtaking of vehicles on the public highway and provides in part:[4]

> The driver of a vehicle may overtake and pass another vehicle upon the right *only under conditions permitting such movement in safety.* In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway. 29 M.R.S.A. § 1151(4) (emphasis added).

Specifically this provision raises the question of whether Rule passed the stationary vehicle on the right "under conditions permitting such movement in safety." Response to this query requires an answer to a preliminary question of whether Rule kept a proper lookout. The evidence indicates that the road was not unobstructed. In fact, the vehicle that the defendant attempted to pass provided some obstruction. Did Rule look as he passed that vehicle on the right? If he looked, should he have seen the minor plaintiff? We feel that the conduct of the defendant presented a sufficient question for the jury.

The defendant also asserts that he was entitled to assume that other users of the highway would obey the law until the contrary became or should, in the exercise of reasonable care, have become apparent. *Hoch v. Doughty,* Me., 224 A.2d 54 (1966); *Goldstein v. Sklar,* Me., 216 A.2d 298 (1966); *Davis v. Simpson,* 138 Me. 137, 23 A.2d 320 (1941). We agree that Rule as the person with the legal right of way could drive with some degree of faith in others' obedience to the law; however, the time at which the presence of Reed in the defendant's path became or should have become evident to

Rule was a jury question. *See Hoch v. Doughty, supra.*

■ In addition to the nature and extent of the defendant's duty to observe other users of the road, the speed at which Rule passed the turning vehicle generates a jury question. Was that speed proper under the then existing circumstances? The evidence indicates that at the site of the accident the speed limit on Route # 27 was thirty-five miles per hour. Despite the existence of a posted speed limit such conditions as traffic, visibility, and weather may reduce the speed at which an individual exercising reasonable care may travel. Section 1252(1) of 29 M.R.S.A. specifically provides:

> Any person driving a vehicle on a way or in any other place shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the way or place, and of any other conditions then existing.

At the time of the collision, the roads were "damp." After considering this factor along with other evidence of the road and weather conditions, the jury might have determined that defendant failed to operate his vehicle at a "careful and prudent speed," as required by 29 M.R.S.A. § 1252(1).

The analytical framework suggested by *Crockett v. Staples,* 148 Me. 55, 89 A.2d 737 (1952) is an appropriate one for further illustrating the jury questions raised by the facts of this case. Two time frames encompass the series of events that culminated in the collision between the minor plaintiff and the defendant. The first time frame describes that period within which Rule could justifiably rely on others' deference to his legal right of way. The second period,

---

4. In his brief, appellee also states that 29 M.R.S.A. § 1151 allows the driver of a vehicle to overtake and pass upon the right of another vehicle under certain conditions. These conditions include:

(1) Left turn. When the vehicle overtaken is making or about to make a left turn;

(2) Unobstructed pavement. Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for 2 or more lines of moving vehicles in each direction.

The evidence indicates that at the point that the vehicle in front of Rule was stopped in preparation for a left turn the paved portion of Route 27 was approximately forty-seven feet wide. For purposes of this appeal we will accept without deciding the defendant's assertion that he complied with both of the aforementioned statutory conditions.

on the other hand, identifies that brief interval within which Rule knew or possibly should have known that a collision with Reed must occur unless one party altered his course. We feel that the jury should have determined the moment at which the first period terminated and the second one commenced as well as the relative positions of both the plaintiff and the defendant at that moment. Whether Rule failed to exercise due care during either the first or the second period also presents a question for the jury. Finally the jury should have decided whether evasive action by Rule was a viable alternative during the brief second period.[5]

Under the Maine Comparative Negligence Statute, 14 M.R.S.A. § 156, a plaintiff's cause of action is not barred by his own negligence. *Lyman v. Bourque, supra.* Even if Reed were contributorily negligent, he could still recover unless "such claimant is found by the *jury* to be equally at fault." 14 M.R.S.A. § 156 (emphasis added). The statute makes manifest that the jury should decide the quantum of negligence, if any, attributable to each party.[6] The action of the trial Justice deprived the jury of that chore. The directed verdict for the defendant must be reversed.

Accordingly, the entry shall be:

Appeal sustained.

Remanded for new trial.

All Justices concurring.

---

**5.** In *St. Johnsbury Trucking Co. v. Rollins,* 145 Me. 217, 74 A.2d 465 (1950), we held that the applicable standard of care in a negligence action is the degree of care that an ordinarily prudent person would use under the same circumstances, in the same emergency. We further *noted in* that decision that the determination of whether an action meets this standard is a *question of fact* that should be left to the jury. *See also Hoch v. Doughty, supra; Robinson v. LeSage,* 145 Me. 300, 75 A.2d 447 (1950) (what constitutes due care in an emergency, as under normal conditions, is a question of fact).

**6.** The Comparative Negligence Statute provides for reduction of damages "to such extent as the *jury* thinks just and equitable having regard to the claimant's share in the responsibility for the damage." 14 M.R.S.A. § 156 (emphasis added).