**Scott A. LIBBY, a minor through his father and next friend, Ralph Libby**

*v.*

**Richard P. LEGROW.**

**Ralph LIBBY, father and next friend of Scott Libby**

*v.*

**Richard P. LEGROW.**

Supreme Judicial Court of Maine.

April 19, 1979.

---

**382**

Grover G. Alexander, Gray (orally), for plaintiffs.

Hewes, Culley, Feehan & Beals by Richard D. Hewes, Portland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

■ The nine-year old plaintiff, while riding a bicycle on a public highway, was severely injured when struck by an automobile being driven by the defendant. The jury was justified in believing that the infant plaintiff deliberately attempted to cross this highway in front of the approaching vehicle, resulting in a collision that occurred nearly in the center of the highway. The jury was also justified in believing that the bicycle left a position of relative safety and proceeded to a position in the center of the road at a time when the approaching automobile was only approximately seventy-five (75) feet away.

■ Under appropriate instructions mandated by our comparative negligence statute, 14 M.R.S.A. § 156, and in response to interrogatories, the jury determined that the negligence of the infant plaintiff exceeded that of the defendant. Judgment was ordered for the defendant. The plaintiff has appealed from the refusal of the presiding justice to grant his motion for a new trial.[1]

We deny the appeal.

■ We have consistently delegated to the jury the obligation of reaching an ultimate conclusion on the comparative fault of the parties involved in situations where their causative negligence is in issue. This case is typical. The judgment of the jury on the facts must stand. *Ferguson v. Bret-*

---

1. Appellant argues that the justice erred in limiting cross-examination. Our review of the record leads us to conclude that the justice did not exceed his discretion in this respect. Rule 611(a) M.R.Evid.

Appellant also urges that the justice committed reversible error in refusing a requested instruction premised on *Orr v. First National Stores, Inc.,* Me., 280 A.2d 785 (1971). However, we have read his instructions carefully and find that all critical legal points were encompassed therein. It is no longer necessary to cite authority for the proposition that a presiding justice is not required to instruct a jury precisely as requested if the instructions as actually given adequately state the relevant law.

ton, Me., 375 A.2d 225, 227 (1977); *Lyman v. Bourque,* Me., 374 A.2d 588, 590 (1977); *Lowery v. Owen M. Taylor & Sons, Inc.,* Me., 374 A.2d 325, 327 (1977); *Gowell v. Thompson,* Me., 341 A.2d 381, 384 (1975); *Avery v. Brown,* Me., 288 A.2d 713, 715 (1972); *see Wing v. Morse,* Me., 300 A.2d 491 (1973).

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.