**AMBASSADOR INSURANCE CO.**

v.

**Fay E. DUMAS, Administratrix of Estate of Henry C. J. Dumas and Carl J. Townsend, Jr.**

Supreme Judicial Court of Maine.

July 2, 1979.

Richardson, Hildreth, Tyler & Troubh by Richard Joyce (orally), Ronald D. Russell, Portland, for plaintiff.

Wilson, Steinfeld, Murrell, Barton & Lane by Paul Aranson (orally), Henry Steinfeld, Portland, for Carl J. Townsend, Jr.

LaFountain & Ordway by David R. Ordway, Biddeford, for Fay E. Dumas.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

At about six o'clock in the morning of September 20, 1975, an automobile, proceeding south on Route 1 in Arundel, crashed into a bridge abutment and left the road. The sole occupants of the vehicle were Henry Dumas, the owner, and his cousin, Carl Townsend, Jr. Dumas received fatal injuries. Townsend sustained serious injuries and has no memory of the accident.

Dumas's mother, Fay Dumas, in her capacity as administratrix of Henry's estate, sued Carl Townsend, Jr., for wrongful death, alleging that Townsend's negligent operation of the car was the proximate cause of Dumas's death. Townsend denied the allegations and counterclaimed for damages for his injuries, alleging that Dumas was the operator of the vehicle. Ambassador Insurance Company had issued a policy to Henry Dumas insuring the vehicle involved, a 1972 Plymouth Duster. Under the terms of the policy, Ambassador must defend and indemnify the operator of the vehicle, either Townsend or Dumas. Accordingly, Ambassador brought an action for declaratory judgment naming both Townsend and Fay Dumas, administratrix, as defendants to determine which man was operating the vehicle at the time of the accident. The defendants were also restrained by order of the Superior Court from taking any further action in the negligence suit pending final resolution of the declaratory judgment action. Trial of the latter action was held in the Superior Court, York County, on May 5, 1978. The jury, by special interrogatory, found that the operator of the vehicle was Carl Townsend, Jr. Defendant Townsend's motions for directed verdict and judgment n. o. v. were denied and he now appeals, contending that the evidence was insufficient to support the jury's finding and that the presiding justice erred in instructing the jury. We deny the appeal.

 There was no direct evidence as to which man was operating the vehicle. The evidence relevant to operation may be summarized as follows: Townsend's mother testified that when the two young men left her house in Old Orchard Beach to go to work in Wells, Dumas was driving. However, there was also evidence indicating that they stopped at a doughnut shop two or three miles from the Townsends' house. State Trooper Metevier testified that he had concluded from his investigation that the major impact occurred when the vehicle struck the bridge abutment just behind the driver's door. Townsend's injuries were mostly located on the left side of his body, consistent with force being applied to the left side of his body. The automobile had come to rest on its right (passenger) side at an angle of about forty-five degrees. The emergency medical technician who was the first person to enter the vehicle testified that he found both men on the passenger side with Townsend, unconscious, lying face up on top of Dumas's body.

In evaluating the jury's finding, this Court must consider the evidence, including every reasonable inference therefrom, in the light most favorable to the party for whom the jury has found. *See Reed v. Rule,* Me., 376 A.2d 445 (1977); *Lyman v. Bourque,* Me., 374 A.2d 588 (1977). A reasonable inference that Townsend was the operator may be drawn both from the location of Townsend's injuries and from the position of the bodies. The evidence presented, though circumstantial, was sufficient to support the jury's finding.

 The appellant also asserts that the presiding justice committed manifest error in his instructions to the jury. The justice first instructed the jury that Dumas's ownership of the vehicle raised a "presumption that he was the operator at the time of the collision." The court then described the operation of a presumption as having the following effect: "The presence of a presumption which in this case favors defendant Townsend has the effect of shifting to

the defendant Dumas the burden of going forward and introducing evidence to meet the presumption. If evidence is introduced which is contrary to the presumption the presumption will cease to operate." The trial court thus instructed the jury to apply the "bursting bubble" theory of presumptions, discussed and criticized in McCormick, *Evidence* § 345, at 821–29 (2d ed. 1972). Although the instruction was not objected to, it was plainly not in accord with Rule 301(a), M.R.Evid., which imposes on the party against whom a presumption is directed a burden of persuasion, not merely a burden of producing evidence.[1] However, on the facts of the present case, we think appellant Townsend was not entitled to the benefit of a presumption that the owner Dumas was operating the vehicle. Consequently, the trial court's instruction, though erroneous, could only have been to the appellant's advantage.

Appellant seeks to have this Court adopt, as a matter of common law, a rebuttable presumption, as between the individual owner and other occupants of a vehicle where there is no direct evidence as to who was operating at the time of the accident, that the owner was then operating the vehicle. Appellant concedes that there is a split of authority in other jurisdictions as to the existence and effect of a presumption in such circumstances. *Compare, e. g., Gaul v. Noiva,* 155 Conn. 218, 230 A.2d 591 (1967); *Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co.,* 337 S.W.2d 566 (Mo.App.1960); *Parker v. Wilson,* 247 N.C. 47, 100 S.E.2d 258 (1957), *with Robinson v. Workman,* 9 Ill.2d 420, 137 N.E.2d 804 (1956). For a collection of cases in which such a presumption has been applied or rejected or otherwise adverted to, with or without approval, see 11 Blashfield, *Automobile Law and Practice* § 417.5 at 131 (Revised 3d ed. 1977). *See also* 8 Am.Jur.2d *Automobile & Highway Traffic* § 910 (1963); Annot., 32 A.L.R.2d 988 (1953).

We think the best approach is the one taken by the Supreme Court of Connecticut in *Gaul v. Noiva,* 155 Conn. 218, 230 A.2d 591 (1967). After observing that the identity of the operator of a motor vehicle may be proved by circumstantial evidence, the Connecticut court stated that the issue should be submitted to the jury as a question of fact, involving the weight or persuasive force of the relevant evidence offered by each party. In the court's view, "no gain would come from complicating the charge by a reference to any presumption," citing 9 Wigmore, *Evidence* § 2491 (3d ed. 1940), and distinguishing cases involving the effect of agency statutes that expressly create a presumption based on ownership.

Unlike certain strong common law presumptions, such as the presumption in favor of legitimacy of children born during wedlock, the presumption that appellant asks us to adopt in this case would not serve any socially desirable purpose. Moreover, appellant does not point to any respect in which such a presumption would tend to reinforce any legislative policy manifested in statute or regulation.

Fairness requires that, in general, the burden of proving the existence of a fact be placed on the party to whom the fact is most accessible. In a case such as this, where the owner-occupant of the vehicle died in the accident and the other occupant is alive (though without memory of the accident), considerations of fairness hardly recommend placing on the representative of the dead owner-occupant the burden under Rule 301(a), M.R.Evid., of proving that it was more probable that he was not the operator of the car at the time of the accident than that he was. Considerations of fairness vary with the facts of each case and, as the Connecticut court noted in *Gaul v. Noiva, supra,* do not support a generalized use of the presumption appellant seeks to have applied.

---

1. Rule 301(a) provides as follows:

 "(a) Effect. In all civil actions and proceedings, except as otherwise provided by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

There is no reason that the ownership of the automobile should not have been treated simply as circumstantial evidence of operation. It is unnecessary to elevate to the status of a presumption the inference that a fact-finder may permissibly draw from ownership. The trial court should not have instructed the jury that a presumption existed that Dumas was the operator. The erroneous instruction on the effect of such a presumption was unduly beneficial to the appellant and does not require reversal.

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.