Brian K. POIRIER

v.

Pearl E. HAYES.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1983.
Decided Oct. 25, 1983.

Tanous & Beaupain, Norman S. Heitmann, III (orally), East Millinocket, for plaintiff.

Twitchell, Linscott & Badger, Frederick J. Badger, Jr. (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

Plaintiff Brian K. Poirier appeals from a directed verdict granted by the Superior Court (Penobscot County) at the conclusion of the plaintiff's case on the issue of liability. Plaintiff argues on appeal that the presiding justice erred in excluding proffered expert testimony concerning the rate of speed of defendant's vehicle and in granting a directed verdict in favor of defendant on the issue of liability. We conclude that there was sufficient evidence of defendant's negligence to warrant submission of the case to the jury and therefore we sustain the appeal.

Plaintiff's complaint sought recovery for personal injuries sustained by him in an accident which occurred on April 19, 1981, on Route 116 in the town of Chester. The evidence presented at trial may be summarized as follows: At approximately 1:00 a.m. plaintiff was walking in a northerly direction along the edge of the pavement on the right-hand side of the roadway. He was wearing dark clothing and was quite intoxicated, having consumed approximately fifteen drinks during the course of an evening with his wife and friends at a "bottle club" known as the Spinning Wheel.

Defendant, who was also a patron of the Spinning Wheel, left shortly after plaintiff and drove his vehicle north on Route 116 in the same lane of traffic in which plaintiff was walking. The portion of the road where the accident occurred had been recently repaved and the surface was dry. The roadway leading up to the point of impact was straight and the view was unobstructed. The posted speed limit was 45 miles per hour. Defendant testified that he was traveling at a speed of 30 to 35 miles per hour and that the headlights of his vehicle were dimmed. He testified that he did not see plaintiff until he suddenly appeared two to three feet in front of, and to the right of his vehicle. Defendant immediately applied his brakes, the wheels locked and the vehicle skidded to a stop. As a result of the impact plaintiff was thrown on top of the vehicle and was carried for some unspecified distance until he fell and landed behind it in the right-hand lane. The physical evidence included four skid marks left by defendant's vehicle, the longest of which measured 171 feet. Defendant's vehicle sustained front end damage estimated at $1,300.00. Having severed the issue of liability, at the conclusion of plaintiff's case the presiding justice directed a verdict in favor of defendant, finding "no evidence of negligence on the part of [defendant] causing this accident."[1] From this ruling plaintiff appeals.

### I.

In reviewing a directed verdict, we must consider the evidence, including every justifiable inference therefrom, in the light most favorable to the party against whom the verdict was directed. *Reed v. Rule,* 376 A.2d 445 (Me.1977); *Moore v. Fenton,* 289 A.2d 698, 700 (Me.1972). A verdict should be directed only if the evidence presents no issue for jury considera-

tion. *Martin v. Deschaine,* 159 Me. 155, 156, 189 A.2d 569, 570 (1963). Based upon our review of the evidence presented, we conclude that there was sufficient evidence of defendant's negligence to warrant submitting the issue to the jury.

The operator of a motor vehicle is required to drive "at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the way or place, and of any other conditions then existing." 29 M.R.S.A. § 1252(1) (1978). Evidence that a motorist was traveling at a speed in excess of the posted limit, or even at a lesser rate of speed if unreasonable under the particular circumstances, can give rise to a finding of negligence. *Moses v. Scott Paper Company,* 280 F.Supp. 37, 41 (D.Me.1968); *Reed v. Rule,* 376 A.2d at 447. Whether an individual was driving at an unreasonable rate of speed under the circumstances is normally a question of fact for the jury. *Feely v. Norton,* 149 Me. 119, 124, 99 A.2d 285, 288 (1953).

The direct evidence of speed in this case consisted of defendant's testimony that he was traveling between 30 and 35 miles per hour. Notwithstanding his testimony, the jury would have been entitled to consider the length of the skid marks as evidence that defendant was traveling at an excessive rate of speed. Although the "mere skidding of a motor vehicle is not evidence of negligence," *Hoch v. Doughty,* 224 A.2d 54, 56 (Me.1966), skid marks may constitute circumstantial evidence of speed. It was for the jury to determine whether the rate at which defendant's vehicle was traveling was excessive and unreasonable under the circumstances and whether the speed of his vehicle was a proximate cause of plaintiff's injuries. *Feely v. Norton,* 149 Me. at 124, 99 A.2d at 288.

---

1. Although the evidence would permit a finding of contributory negligence on the part of plaintiff, it is not for us to determine which party's negligence was the proximate cause of plaintiff's injuries. If there is sufficient evidence to permit a finding of causal negligence on the part of both plaintiff and defendant, it is the sole prerogative of the jury to determine the comparative degrees of fault. *Minott v. F.W. Cunningham & Sons,* 413 A.2d 1325, 1332 (Me. 1980); *Lyman v. Bourque,* 374 A.2d 588, 590 (Me.1977).

■ Similarly, the evidence presented a jury issue as to whether defendant could have and should have seen plaintiff in time to avoid collision. A driver has a duty to see that which is "open and apparent" to any prudent person, *Parker v. Hohman,* 250 A.2d 698, 704 (Me.1969); *Scammon v. City of Saco,* 247 A.2d 108, 111 (Me.1968), and the "failure to see in time what could have been seen, is negligence." *Spang v. Cote,* 144 Me. 338, 343–44, 68 A.2d 823, 826 (1949). Although defendant testified that plaintiff appeared suddenly in front of his vehicle, this evidence was contradicted by plaintiff's testimony that he had been walking along the paved portion of the roadway. No evidence was presented to indicate precisely the area illuminated by defendant's headlights; however, the jury would be free to conclude that even with his lights dimmed the defendant should have been able to see a pedestrian at a distance greater than two to three feet ahead of his vehicle. The point at which plaintiff's presence in defendant's lane of traffic "became or should have become evident" to defendant and the existence of any opportunity for evasive action were jury questions. *Reed v. Rule,* 376 A.2d at 447–48.

■ This case demonstrates the wisdom of the policy favoring submission of the issue of negligence to a jury. We have stated that directed verdicts are to be granted sparingly, as the exception rather than the rule. "Only if the correctness of directing a verdict appears so clear to the presiding Justice that all reasonable doubts of possible error or uncertainty have been removed in his mind should he grant it." *Moore v. Fenton,* 289 A.2d at 700 n. 1. It is better practice to avoid the possibility of a second trial by submitting the case to a jury. If the resulting verdict is unsupported by sufficient evidence, the presiding justice retains the ability to nullify it by granting judgment n.o.v.

In this case, viewing the evidence in the light most favorable to the plaintiff, the absence of causal negligence on the part of defendant is not established as a matter of law. Thus, it was error for the presiding justice to direct a verdict for defendant. It is not necessary to address the remaining evidentiary issue presented on appeal since it is unlikely to arise in the same context at a second trial.

The entry must be:

Judgment of the Superior Court vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.