**Peter M. CAMPLIN**

v.

**Charles RIZZO, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 17, 1991.

Decided Jan. 29, 1991.

John H. O'Neil, Jr. (orally), Smith & Elliott, Saco, for defendants.

Gwendolyn Lyford and Peter M. LaFond (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendants and tenants, Charles and Brenda Rizzo, appeal a summary judgment on liability and a directed verdict on damages for plaintiff and landlord, Peter M. Camplin, in an action to collect rent following defendants' default in making payments under a written lease. (Cumberland County, *Brodrick, J.*). The tenants contend on appeal that summary judgment was erroneously granted because a genuine issue of fact remained and that the directed verdict was improper because the plaintiff did not show that his efforts to mitigate damages were reasonable. We affirm.

The lease term extended from July 1, 1987 to June 30, 1989. The rental was payable on the first day of every month. Pursuant to the lease, landlord terminated the tenancy when the tenants failed to pay the April 1988 rent when due. The landlord sued to recover from the tenants the difference between the rental under the lease and the rental received from substitute tenants. The tenants raised as an affirmative defense their claim that the landlord had breached the warranty of quiet enjoyment. The tenants admitted they had defaulted on rent payments in their depositions. The landlord moved for summary judgment on the issue of the defendants' breach. The court found that the defense raised was irrelevant to the pending claim due to a lease provision that expressly limited defendants' remedies: "In no event shall tenant have the right to terminate this lease as a result of the Landlord's default and Tenants remedies shall be limited to damages and/or an injunction." The tenants sought neither. Because of the terms of the lease, the court found no genuine issue of material fact on the defendants' breach and granted summary judgment for the plaintiff.

The tenants argue on appeal, as they did before the trial court, that the landlord had to show that he did not interfere with their quiet enjoyment of the leased property before the issue of their breach for nonpayment could be reached. We disagree. Because the lease prohibited the withholding of rent for any alleged default on the part of the landlord, judgment was properly entered as a matter of law. *See Philbrook v. Gates Formed-Fibre Products*, 536 A.2d 1118, 1119 (Me. 1988).

At trial, the tenants sought to question whether the landlord had mitigated his damages as required by statute. At the conclusion of the evidence, the court granted a directed verdict for the plaintiff. Defendants argue on appeal that a jury issue was presented as to whether the landlord demonstrated that his efforts to find another tenant were reasonable. We disagree.

The landlord is charged by statute with proving that he has made efforts to rerent the premises. 14 M.R.S.A. § 6010-A(3) (Supp.1990). Deducted from the amount of rent recoverable from a tenant is the "net rent obtainable by reasonable efforts to rent the premises." 14 M.R.S.A. § 6010-A(2) (Supp.1990). " 'Reasonable efforts' mean those steps which the landlord would have taken to rent the premises if they had been vacated in due course, provided these steps are in accordance with local rental practice for similar properties." *Id.* The burden of proving the unreasonableness of the efforts actually undertaken by the landlord, however, fall on the tenant:

> The tenant has the burden of proving that the efforts of the landlord were not reasonable, that the landlord's refusal of any offer to rent the premises or a part of the premises was not reasonable, that any terms and conditions upon which the landlord has in fact rerented were not reasonable and that any temporary use by the landlord was not part of reasonable efforts to mitigate in accordance with subsection 4, paragraph C. The tenant shall also have the burden of proving the amount that could have been obtained by reasonable efforts to mitigate by rerenting.

14 M.R.S.A. § 6010-A(3).

At trial, the landlord and two brokers testified on direct and cross examination that the efforts made to relet the premises were reasonable and in accordance with local rental practices. Although one of the brokers acknowledged on cross-examination the theoretical possibility of scaring prospective tenants away by setting the asking price too high, he testified that did not occur in this case. After first reminding the tenants of their burden and then recessing to allow the presentation of any available witnesses, the court directed a verdict. The tenants presented no witnesses or evidence to contradict the landlord's case. Viewed in the light most favorable to the defendants together with all justifiable inferences, the evidence in this case presents no issue for a factfinder. *See Poirier v. Hayes*, 466 A.2d 1261, 1263 (Me. 1983). The directed verdict was proper.

The entry is:

Judgment affirmed.

All concurring.