STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-04-212

                                                  D͏‑ ͏ ͏ ͏05

TALLINE BLAKESLEE,

            Plaintiff

     v.                                           **DECISION AND ORDER**

JESSICA A. CHRYSLER, *et al.*,

            Defendants


     This matter is before the court on Defendant Jessica Chrysler's motion for summary judgment.

     The present dispute arises out of an automobile accident that occurred on Kennedy Memorial Drive in Waterville involving four vehicles. At approximately 10:30 on the morning of February 12, 2003, Plaintiff Talline M. Blakeslee ("Plaintiff" or "Blakeslee") was stopped in the roadway with her left-turn signal activated, waiting to turn into her place of employment. At that time and location, traffic was steady and other vehicles were passing around Blakeslee's vehicle to the right. Driving conditions, however, were less than pristine, as it was snowing lightly and the road was otherwise slushy. As she waited, Blakeslee noticed a vehicle driven by Defendant Jessica Chrysler ("Defendant" or "Chrysler") approach from the rear. Chrysler's vehicle came to a sudden, but complete stop a very short distance from Blakeslee's back bumper. Within seconds, though, the Plaintiff felt an impact into the rear of her car. Just prior to this impact, a third vehicle driven by Defendant Amanda Exner ("Exner") struck Chrysler's vehicle from behind. Then, a fourth vehicle driven by Defendant Danielle Hopkins ("Hopkins") impacted the rear of Exner's vehicle. Blakeslee, in her position at the front of this line of vehicles, felt multiple collisions.

The Plaintiff filed the present complaint alleging that all three of the above-named Defendants were negligent and seeking damages.

The Law Court has explained that:

> Summary judgment is no longer an extreme remedy. It is simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding. Summary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law.

*Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

The Defendant asserts that based on the uncontroverted facts before the Court, she did not cause, and therefore cannot be held liable for Blakeslee's damages stemming from the accident. In particular, Chrysler draws the Court's attention to the fact that

she was able to stop without hitting the Plaintiff's vehicle. Moreover, the Defendant notes that several seconds passed after completing her stop before Exner's vehicle struck her in the rear. Chrysler maintains that her mere involvement in a chain reaction collision does not make her liable for resulting damage.

Additionally, the Defendant states that where the Court can find as a matter of law that no duty was violated, the question of whether a driver was negligent should not be submitted to the jury. Chrysler asserts that there is only one rule of the road that is possibly relevant to the question of duty in this case. The provision, found in 29-A M.R.S.A. § 2066, reads as follows:

> 1. Prohibition. An operator of a vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles, the traffic and the condition of the way....

29-A M.R.S.A. § 2066 (2004). The Defendant also notes that the Law Court has held that an operator of an automobile must drive at such a speed that he can bring his automobile to a stop in the distance illuminated by his headlights. *See Scammon v. City of Saco*, 247 A.2d 108 (Me. 1968). Chrysler contends that since she was able to come to a stop without impacting the Plaintiff's vehicle, she must have been operating her vehicle in a reasonable and prudent manner.

In response, the Plaintiff criticizes Chrysler's suggestion that simply because she stopped, however short or sudden, she is relieved of responsibility. Blakeslee further states that if Chrysler's view of section 2066 and the *Scammon* case is correct, then neither Chrysler nor any other operator would have to stop for a vehicle ahead of them at all if the other vehicle were within the range of their headlights. To the contrary, the Plaintiff maintains that operators must consider the speed of other vehicles, the traffic, and the condition of the road and may not follow more closely than is reasonable under the circumstances. Based upon the facts at bar, the Plaintiff contends that Chrysler

violated this rule of the road by following too closely and stopping too suddenly, causing Exner's vehicle to strike hers.

The Plaintiff also notes that pursuant to 29-A M.R.S.A. § 2071(3), an operator of a motor vehicle may not stop or suddenly decrease a vehicle's speed without first giving an appropriate signal to the operator of a vehicle immediately to the rear. Based upon the facts, Blakeslee contends that the Defendant also violated this rule of the road

In addition, Blakeslee notes that 29-A M.R.S.A. § 2074 obligates drivers to operate at a careful and prudent speed not greater than is reasonable and proper, having due regard for the traffic, surface and width of the way and of other conditions then existing. Thus, despite the existence of a posted speed limit, the conditions of traffic, visibility and weather may reduce the speed at which individuals exercising reasonable care may travel. *See Reed v. Rule*, 376 A.2d 445 (Me. 1977). The Plaintiff asserts that the question of whether a particular speed under the surrounding circumstances was negligent and the proximate cause of an accident are ordinarily questions of fact for a jury. *See Feely v. Morton*, 149 Me. 119, 99 A.2d 285 (1953). Therefore, Blakeslee argues that under the facts presented, summary judgment should be denied.

In light of the undisputed facts[1], it is clear that the Defendant was under a duty to operate her vehicle in a reasonable and prudent manner, having due regard for traffic and road conditions then existing[2]. *See* 29-A M.R.S.A. §§ 2066 & 2074. Moreover, whether an operator was negligent and whether such negligence was the proximate cause of an accident are ordinarily questions of fact for a jury. *See Feely v. Morton*, 99

---

[1] Note that paragraphs 14 thru 19 of Plaintiff's statement of additional material facts all state legal conclusions and/or are unsupported by the given record citations, and must therefore be disregarded.

[2] Blakeslee has not set forth any evidence from which a reasonable jury could conclude that Chrysler breached a duty to properly signal to following vehicles before coming to a sudden stop. All of the evidence presented on this point supports a conclusion that Chrysler's brake lights were in fact illuminated prior to the collision. 29-A M.R.S.A. § 2071(3) indicates that no duty is breached when a driver signals vehicles to the rear while braking, even if the decrease in speed is sudden.

A.2d 285 (Me. 1953). In response to Chrysler's motion, the Plaintiff has presented evidence that would permit a reasonable jury to conclude that the Defendant breached her duty of care, and that said breach was, at least in part, the proximate cause of her damages.

The issue is a very close one and there is a great deal of merit in Chrysler's position on her motion. Under the doctrine of comparative negligence, however, it would be a rare occasion to remove consideration of the comparison of the activities of various parties to an accident from a jury. On the other hand, if, on the development of testimony as part of Plaintiff's direct case, there is clearly no reasonable evidence that Defendant Chrysler breached her duty of due care toward Plaintiff, the matter is always subject to a motion for judgment when Plaintiff rests. Suffice it to say at this point, as Chrysler is not entitled to judgment as a matter of law on the undisputed material facts before the Court, her motion for summary judgment must be denied.

The entry will be:

Defendant Jessica A. Chrysler's motion for summary judgment is DENIED.

Dated: April___6___, 2005

Donald H. Marden
Justice, Superior Court

TALLINE M BLAKESLEE  - PLAINTIFF

Attorney for: TALLINE M BLAKESLEE

SHIRO & SHIRO LAW OFFICES
86 SILVER STREET
PO BOX 706
WATERVILLE ME 04903-0706


vs
JESSICA A CHRYSLER  - DEFENDANT
3 SHERWIN STREET
WATERVILLE ME 04901
Attorney for: JESSICA A CHRYSLER
MICHAEL RAIR  - RETAINED
LAW OFFICE OF MICHAEL L. RAIR
43 COLUMBIA STREET SUITE ONE
PO BOX 2580
BANGOR ME 04402-2580


AMANDA EXNER  - DEFENDANT
80 TYLER ROAD
ALBION ME 04910
DANIELLE HOPKINS  - DEFENDANT
6 SOUTH COURT STREET
VASSALBORO ME 04989
Attorney for: DANIELLE HOPKINS
J WILLIAM DRUARY JR - RETAINED
MARDEN DUBORD ET AL
PO BOX 708
44 ELM STREET
WATERVILLE ME 04901-0708

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2004-00212

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 09/08/2004

## Docket Events:

09/20/2004 TRANSFER - PERMANENT TRANSFER EDI ON 09/20/2004 @ 22:01
           TRANSFERRED CASE: SENDING COURT CASEID WATDCCV200400172

           FILING DOCUMENT - COMPLAINT FILED ON 09/08/2004

           ATTORNEY - RETAINED ENTERED ON 09/08/2004

           Party(s): TALLINE M BLAKESLEE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/08/2004

09/20/2004 Party(s): JESSICA A CHRYSLER
           RESPONSIVE PLEADING - ANSWER FILED ON 09/07/2004
           COPY TO SHIRO

           Party(s): DANIELLE HOPKINS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/19/2004